## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK PURSLEY, ) | |
| ) | |
| Plaintiff ) | Civil No. 18-cv-50040 |
| ) | Hon. Philip G. Reinhard |
| v. ) | Hon. Lisa A. Jensen |
| ) | |
| CITY OF ROCKFORD et al., ) | |
| ) | |
| Defendants. ) | |

**Confidentiality Order Between Plaintiff Patrick Pursley and Non-Party Board of Trustees of the Police Pension Fund of the City of Rockford**

Plaintiff Patrick Pursley ("Plaintiff") and Non-Party Board of Trustees of the Police Pension Fund of the City of Rockford (the "Board" and, together with Plaintiff, the "parties") have agreed to the terms of this Order; accordingly, it is ORDERED:

Plaintiff has moved that the Court enter a confidentiality order. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the Parties, the public, and the Court. Accordingly, it is ORDERED:

**1. Scope.** All materials produced or adduced in response to the subpoena Plaintiff served on the Board ("documents") shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the Board that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; or (b) personnel,

employment, or pension records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

   3.   **Designation.**

   **(a)**   The Board may designate information as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on a document or communication and on all copies in a manner that will not interfere with the legibility of the document or communication. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.

   The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

   **(b)**   The designation of a document as Confidential Information is a certification by the Board or its attorney that the document contains Confidential Information as defined in this order.

**4. Protection of Confidential Material.**

**(a) General Protections.** Plaintiff shall not use any document designated as Confidential or disclose it to any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

**(b) Limited Third-Party Disclosures.** Plaintiff and his counsel shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

**(1) Counsel**. Counsel for Plaintiff and the defendants in this lawsuit and employees of counsel who have responsibility for the action;

**(2) Parties**. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

**(3) The Court and its personnel**.

**(4) Contractors.** Those persons specifically engaged for the limited purpose of serving process;

**(5) Others by Consent**. Other persons only by written consent of the Board or upon order of the Court and on such conditions as may be agreed or ordered.

**(c) Control of Documents**. Counsel for Plaintiff shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information, and to assure Confidential Information is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing

to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

5. **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

6. **Obligations on Conclusion of Litigation.**

    (a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    (b) **Obligations at Conclusion of Litigation.** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

7. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other

person with standing concerning the subject matter.

      8.      **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

      *So Ordered.*

Dated: April 26, 2019

_____
U.S. Magistrate Judge

| | |
|---|---|
| **WE SO MOVE** <br> **and agree to abide by the** <br> **terms of this Order** | **WE SO MOVE** <br> **and agree to abide by the** <br> **terms of this Order** |
| *s/ Alison R. Leff* <br> Signature | *s/ Roberta L. Holzwarth* <br> Signature |
| Alison R. Leff <br> Printed Name | Robert L. Holzwarth <br> Printed Name |
| Counsel for: __Plaintiff__ | Counsel for: Board of Trustees of the Police Pension Fund of the City of Rockford |
| Dated: April 24, 2019 | Dated: April 24, 2019 |