## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PATRICK PURSLEY, | ) | |
| | ) | Case No. 3:18-cv-50040 |
| Plaintiff, | ) | |
| | ) | Judge Philip G. Reinhard |
| v. | ) | |
| | ) | Magistrate Judge Lisa Jensen |
| THE CITY OF ROCKFORD et al., | ) | |
| | ) | Jury Trial Demanded |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANTS' MOTIONS TO DISMISS

Plaintiff, Patrick Pursley, through his attorneys, Loevy & Loevy, hereby respectfully submits this Response in Opposition to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint [Dkt. Nos. 55, 75, 84, 91, 97, 113].[1] In support, Plaintiff states as follows:

### INTRODUCTION

Patrick Pursley endured more than twenty-three years in prison for a murder he did not commit. As his Second Amended Complaint ("Complaint") explains in detail, Pursley's wrongful conviction was no accident. Rather, it came about because the Defendant Officers built a false case against him, despite the complete lack of competent evidence linking Pursley to the crime.

Spanning 131 paragraphs and nineteen pages, Plaintiff's Complaint lays out how the Defendant Officers fabricated a statement from third-party witness Samantha Crabtree, and physical evidence, in order to falsely claim that Pursley had the opportunity and intent to commit the murder of Andrew Ascher. Moreover, the Complaint alleges how the Defendant Officers failed to disclose evidence of their coercion. The Complaint further alleges the manner by which

---

[1] Defendants' motions to dismiss the earlier version of Plaintiff's complaint shall be treated as motions to dismiss the Second Amended Complaint, by order of the Court. Dkt. 109.

Defendant employees of the Illinois State Police Crime Lab (collectively referred to as "Defendant Forensic Scientists"), working in concert with the Defendant Officers, fabricated forensic evidence in order to falsely link a gun recovered from Plaintiff's home to the crime, even though their testing actually *failed* to establish any such connection. In short, the Complaint lays out how the only evidence of "guilt" was manufactured by Defendants.

Despite the substantial and detailed allegations of wrongdoing in Plaintiff's Complaint, the City of Rockford and the Defendant Officers moved to dismiss on four grounds: (i) that Plaintiff has engaged in impermissible "group pleading"; (ii) that his allegations against the Defendants are factually insufficient; (iii) that he asserts "scarce factual support" in support of the City's municipal liability; and (iv) that the City of Rockford should be dismissed if the rest of the complaint is. As explained below, none of these arguments has any merit.

## ARGUMENT

The Federal Rules permit notice pleading and only require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal for failure to state a claim under Rule 12(b)(6) is proper only where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). In other words, the Court may dismiss the Complaint only if it fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At this stage, moreover, "the court must construe all of the plaintiff's factual allegations as true, and must draw all reasonable inferences in the plaintiff's favor." *Vinrich*, 664 F.3d at 212. Plaintiff's Complaint plainly suffices.

## I.   PLAINTIFF HAS SUFFICIENTLY PLED ALLEGATIONS AGAINST EVERY NAMED DEFENDANT.

### A.  The Seventh Circuit and Courts in this District have rejected Defendants' "group pleading" argument.

Under Seventh Circuit law, an allegation explicitly directed at all or a particular subgroup of defendants is sufficient to plead personal involvement after *Iqbal*, even if each defendant comprising the group is not named individually in each separate paragraph. *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009) (finding a complaint alleging that all members of a group of defendants engaged in misconduct unobjectionable). Unsurprisingly, Defendants' criticism of group pleading has been consistently rejected in §1983 cases. *See, e.g., Rivera v. Lake Co.*, 974 F. Supp. 2d 1179, 1194-95 (N.D. Ill. 2013) ("an allegation directed at multiple defendants can be adequate to plead personal involvement…. This Court recognizes that a plaintiff may not be able to attribute misconduct to specific individuals where the plaintiff did not know the identity of the offender at the time of the incident."); *Sanders v. City of Chicago Heights*, No. 13 C 0221, 2014 WL 5801181, at *3 (N.D. Ill. Nov. 7, 2014) (rejecting defendants' "group pleading" argument because "[u]nder the circumstances, Plaintiff has alleged sufficient details that present a 'story that holds together' in relation to his due process claim and the derivative conspiracy and failure to intervene claims"); *Spring v. Schwarz*, No. 15 C 5437, 2017 WL 4130504, at *3 (N.D. Ill. Sep. 9, 2017) ("Group pleading that refers to 'Defendants' collectively is sufficient under Rule 8 when a plaintiff provides enough detail about the nature of the allegations to put each defendant on fair notice of the claims."); *Starks v. City of Waukegan*, 946 F. Supp. 2d 780, 786 (N.D. Ill. 2013) (same); *Kuri v. City of Chicago*, No. 13 C 1653, 2014 WL 114283, at *7 (N.D. Ill. Jan. 10, 2014) ("Although it relies on 'group pleading,' Kuri's complaint is coherent, and the basis of his claims is easily understood."); *Johnson v. Village of Maywood*, No. 12 C 3014, 2012 WL

3

5862756, at *2 (N.D. Ill. Nov. 19, 2012) (rejecting argument that complaint that "lumped" police officers together should be dismissed: "Plaintiff could have made identical factual allegations in five separate paragraphs, alleging one-by-one that each Defendant witnesses or participated in the attack and failed to come to his aid. Plaintiff could have done so, but he was not required to.").

As the foregoing authorities make clear, Plaintiff may allege a set of facts against a group of officers, as he has done here, and need not allege a separate set of facts regarding each officer's conduct. In *Patterson v. Burge*, a wrongful conviction case where, like here, much of the alleged misconduct happened outside of the plaintiff's direct observation, the court found group pleading more than sufficient:

> [The plaintiff] specifically names and accuses each of these defendants of committing numerous violations of federal and state law and of conspiring with the other individual defendants to deprive [the plaintiff] of his rights and cause him grievous injuries. Federal notice pleading rules do not require [the plaintiff] to provide detailed explanations of how each particular defendant caused each of his injuries. The court believes the allegations in [the] complaint are more than adequate to put this court and defendants…on notice of the claims against them.

328 F. Supp. 3d 878, 887-88 (N.D. Ill. 2004).

Defendants cite two cases in support of their position but those cases are patently distinguishable. *See Grieveson v. Anderson,* 538 F.3d 763, 778 (7th Cir. 2008) (affirming grant of summary judgment, not Rule 12(b)(6) motion to dismiss, where plaintiff had not presented sufficient evidence of individual involvement); *Atkins v. Hasan*, No. 15 CV 203, 2015 WL 3862724, at *2 (N.D. Ill. June 22, 2015) (recognizing that in certain cases, referring to "the defendants" adequately pleads personal involvement, but not in the instant case, where the plaintiff did not allege that *all* the defendants committed certain acts, but that the alleged acts could have been committed by defendants or other unidentified individuals).

In summary, Plaintiff may plead facts about a subgroup of defendants. Defendants'
motions should be denied.

### B. Plaintiff's Allegations Are Sufficiently Specific.

In order to seek dismissal, Defendants' motion improperly excises all allegations against
a subgroup of Defendants from their discussion of the Complaint, leaving the false impression
that the "sole allegations" against each defendant are the ones in which they are separately
named. *See* Dkt. 55 at 5-7. They compound this error by then arguing that the stripped-down
Complaint fails to identify what particular misconduct each individual defendant committed.
This approach is both impermissible, as explained above, and wrong on the merits. *See, e.g.,*
*Smith v. Illinois*, No. 07 C 7048, 2009 WL 1515306, at *6 (N.D. Ill. May 27, 2009) ("The fact
that [plaintiff] has not specifically identified which officer performed which acts is not fatal to
his claim at this stage of the litigation.").

Where Plaintiff possesses the requisite knowledge, many of the Complaint's allegations
do identify specific individuals and the actions they took. *See, e.g.,* Dkt. 100 at ¶¶ 25, 42, 43, 45,
46, 41. For example, Plaintiff alleges in detail the lengths to which Defendants Jeff Houde, Mark
Schmidt, and Howard Forrester went to extract a false statement from third-party witness
Samantha Crabtree. *Id.* at ¶¶ 42, 45, 46, 47. Defendants acknowledge these details, *see* Dkt. 55 at
6-7, but yet still argue the deficiency of these allegations without providing any supporting legal
authority that would demand greater detail from the Complaint. If theirs were indeed the
standard, however, Plaintiff would be placed in the impossible position of having to plead facts
that can only be obtained through depositions and other fact discovery, while never being
allowed fact discovery because his complaint is supposedly deficient. The Federal Rules do not
impose the unfair hurdle Defendants advance. As the court in *Wilson v. City of Chicago*

observed, "each Defendant knows what he did or did not do and can admit or deny the fact based on this knowledge. … The Defendants, and not [the plaintiff], are in possession of the knowledge of precisely which of them, if any, interrogated, manipulated, threatened, or coerced [individuals] into giving false testimony." No. 09 C 2477, 2009 WL 3242300, at *2 (N.D. Ill. Oct. 7, 2009).[2]

Other paragraphs allege facts about the individual defendants as members of a limited and well-defined subset of Defendants—namely, "Defendant Officers" and "Defendant Forensic Scientists." Dkt. 100 at ¶¶ 10, 11, 12, 13, 36, 37, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 56, 57, 58, 59, 60 (regarding Defendant Officers); ¶¶ 15, 16, 52, 53, 54, 55, 56, and 57 (regarding Defendant Forensic Scientists). As one example, the Complaint alleges the following facts about the Defendants Officers' development of a false witness statement: that the Defendant Officers were aware there was *no* physical evidence or eyewitness tying Plaintiff to the murder, Dkt. 100 at ¶¶ 41, 59; that once they set their sights on Plaintiff, they did not pursue other identified suspects, *id.* at ¶ 42; that they followed Plaintiff's then-girlfriend Samantha Crabtree around and pursued a false statement from her, *id.* at ¶ 42; that some Defendant Officers detained her in their car while others searched her apartment, *id.* at ¶ 43; that over the course of several hours, they interrogated, threatened, and coerced the witness at the police station, including by threatening to separate her children from her, *id.* at ¶¶ 44-45; that they fed her details and coerced her to adopt a statement – knowing it to be false – against Pursley, *id.* at ¶¶ 47, 48, 49, 50.

Both manners of pleading are plainly acceptable under the Federal Rules, as courts in this district have repeatedly held. *See, e.g., Chatman v. City of Chicago*, No. 14 C 2945, 2015 WL 1090965, at *4 (N.D. Ill. Mar. 10, 2015) ( "Plaintiff may require discovery before identifying

---

[2] To the extent the Estates of Howard Forester, Gary Reffett, and David Ekedahl are unable to admit or deny any of the allegations due to the deaths of the officers, they can state lack of knowledge sufficient to admit or deny, just as they would do in any case where the involved individual is deceased.

precisely which individual Defendant committed which alleged actions. Given the details alleged in the two-hundred and seven paragraphs in the complaint, Plaintiff's inability to specifically attribute a particular act to a particular individual Defendant does not doom the case at the pleading stage."). *See also* Section I.A., *infra.* Notably, the Defendant Forensic Scientists were capable of answering each of the similarly pled allegations against them. Dkt. 114.

At bottom, the purpose of Rule 8's notice-pleading requirement is to provide notice to a particular defendants. There is "no bright line; the Seventh Circuit has simply cautioned that 'at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.'" *Robles v. City of Chicago*, 354 F. Supp. 3d 873, 875 (N.D. Ill. 2019) (quoting *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)). Pursley's 131-paragraph, nineteen pages of allegations are a far cry from the type of deficiencies that would warrant dismissal under Rule 8. Indeed, the *Robles* decision is instructive because that case, like this one, involved allegations against a team of individuals "alleged to have worked together to execute a scheme"; thus there was no need for "allegations as to who searched the kitchen and who the bedroom to understand the nature of the plaintiff's claim." *Robles*, 354 F. Supp. 3d 873, 875-76 (N.D. Ill. 2019). In summary, Defendants' motion ignores large swaths of the Complaint and cannot prevail when the allegations as actually pled are credited, which the standard requires.

## II.     Plaintiff's Allegations Of Conspiracy Against The Defendants Are Not Barred By The Intra-Corporate Conspiracy Doctrine.

Defendants' effort to jettison Plaintiff's conspiracy claim fails on its own terms– their motion addresses a §1985(3) conspiracy claim. In fact, Plaintiff pleads conspiracy under 42

U.S.C. § 1983. *See* Dkt. 100 ¶¶ 93-99. The Seventh Circuit has *not* extended the "intra-corporate conspiracy" doctrine to §1983 claims. *See Bresnahan v. City of Chicago*, No. 18-cv-1974, 2018 WL 4829597, at *4 (N.D. Ill. Oct. 4, 2018). Plaintiffs routinely pursue conspiracy claims against multiple defendant police officers and the municipalities for which they work in § 1983 cases. *See Jones v. City of Chicago,* 856 F.2d 985, 992-93 (7th Cir. 1988) (affirming section 1983 conspiracy verdict against various police officers); *Newsome v. James,* No. 96 C 7680, 2000 WL 528475, at *14 (N.D. Ill. Apr. 26, 2000). The Defendants' argument for the unwarranted expansion of the intra-corporate conspiracy doctrine has no grounding in Seventh Circuit precedent. Moreover, Plaintiff has alleged that the Defendant Officers and the Defendant Forensic Scientists (each set working at a different agency) conspired with each other, which by definition could not constitute an intra-corporate conspiracy. Dkt. 100 at ¶ 55. And finally, even if the doctrine applied here – which it does not – exceptions apply because (i) the employees may be shown to have been motivated solely by personal bias; and (ii) the conspiracy was part of a broader discriminatory pattern and/or permeated the ranks of RPD's employees. *See Bresnahan*, 2018 WL 4829597, at *4.

### III.     Plaintiff Has Sufficiently Pleaded His *Monell* Claims Against Defendant City.

Defendants argue that Plaintiff's *Monell* allegations should be dismissed because (i) there can be no municipal liability without individual liability; and (ii) the allegations are not specific enough under Rule 8. Both arguments fail.

First, even assuming *arguendo* that Defendants' characterization of *Monell* liability as derivative of individual liability were correct, here Defendants have failed to establish that Plaintiff's allegations against the individual defendants should be dismissed. Their argument that the *Monell* claim should be dismissed by extension fails, also.

Second, Plaintiff's *Monell* allegations are well-pled. The City argues that the claims against it premised on municipal liability should be dismissed because Plaintiff's allegations are "entirely conclusory." On closer inspection of Defendants' motion, however, it is plain that what they seek is *proof* of these allegations. *See, e.g.*, Dkt. 55 at 11 (criticizing Plaintiff for asserting "scarce factual support" for the alleged widespread practices). But the City overstates the pleading requirement. *Tamayo v. Blagojevich*, 526 F.3d at 1074, 1081 (7th Cir. 2008) ("[l]itigants are entitled to discovery before being put to their proof"). The Seventh Circuit has explained that a plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010).

When evaluating the sufficiency of a *Monell* claim, this Court has recognized that "Section 1983 claims [] are not subject to any heightened pleading requirements, and a plaintiff need not plead evidence to support their claim. Rather, the plaintiff must plead sufficient allegations to allow the court and defendants to understand the gravamen of the complaint and to raise the right to relief beyond mere speculation." *Fuery v. City of Chicago*, No. 07 C 5428, 2009 WL 1270201, at *4 (N.D. Ill. May 6, 2009). Plaintiff has alleged here that the Defendant Officers' misconduct was committed pursuant to a policy and practice of "pursuing convictions without regard to the truth" and resulted from the department's failure to adequately supervise and train officers on their obligations to disclose exculpatory material and not to fabricate evidence. Dkt. 100 at ¶ 75. Plaintiff further alleged that the department's "long-standing failure to train, supervise, and discipline officers" was the moving force behind the Defendants' misconduct. *Id.* at ¶ 77. Plaintiff further alleged that City of Rockford policymakers were "deliberately indifferent to the violations of [Plaintiff's] constitutional rights." *Id.* at ¶ 79.

Plaintiff's allegations set out a plausible case for municipal liability, based on the department's failures to adequately supervise and train, and its failure to address, a widespread practice of fabricating inculpatory testimony and physical evidence and failing to disclose highly exculpatory information. *See Fuery*, 2009 WL 1270201, at *5. Plaintiff has pled that a widespread practice exists of withholding exculpatory evidence from criminal defendants, and that the practice exists because the City is deliberately indifferent to it, as revealed by its failure to adequately train its officers or punish them for such misconduct. Particularly given that *Monell* discovery has not even commenced, Plaintiff has pled each element of his claim with sufficient specificity. *See id.* ("[T]he City's argument invites the Court to evaluate the Plaintiffs' proof of the *Monell* claims at the pleading stage. The City would have the Court weigh the Plaintiffs' evidence on the basis of their allegations, permitting them no opportunity to flesh out their theory through participation in discovery.").

Moreover, another municipality, the City of Chicago, has already lost this argument for dismissal. In *Sledd v. Lindsay*, 102 F.3d 282, 288-89 (7th Cir. 1996), the City moved to dismiss a similarly-pled *Monell* claim on the basis that the plaintiff allegedly failed to identify specific policies that led to the deprivation of his rights. The Seventh Circuit found that dismissal on this basis was unwarranted, observing that there was no "heightened" pleading standard for a *Monell* claim. *Id.* at 289. Courts have upheld *Monell* claims offering less detailed allegations than Plaintiff's. *See, e.g., Lanigan v. Village of East Hazel Crest, Ill.,* 110 F.3d 467, 479 (7th Cir. 1997) (reversing the district court's dismissal of a *Monell* claim "merely" consisting of "boilerplate allegations"); *Thompson v. Williams*, No. 08 C 6444, 2009 WL 1766774, at *4 (N.D. Ill. June 22, 2009) (upholding sufficiency of amended complaint that alleged, "the City maintained an unconstitutional policy of failing to 'supervise, control, train, or discipline' its police officers and that it tacitly 'encouraged a climate of constitutional abuse'"). In *Thompson*,

as here, the defendants faulted the complaint for failing to cite other incidents attributable to the City's policy. The court rejected this criticism outright: "Plaintiff should be given the opportunity to develop an evidentiary record concerning these matters." 2009 WL 1766774, at *4 (citing cases). *See also White v. City of Chicago,* 829 F.3d 837, 844 (7th Cir. 2016) ("The Supreme Court held in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* that federal courts may not apply a "'heightened pleading standard'…in civil rights cases alleging municipal liability under ... 42 U.S.C. § 1983….[T]he *Leatherman* holding has survived the Court's later civil pleading decisions in Iqbal and Twombly, which require the pleader to allege a 'plausible' claim.").

Defendants rely on *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011), but there, the plaintiff's factual allegations did not plausibly suggest an unconstitutional policy. *Id.* ("At most, the factual allegations in the complaint plausibly suggest the uneven allocation of limited police-protection services; they do not plausibly suggest that the City maintained an intentional policy or practice of *omitting* police protection from female domestic-violence victims as a class."). So, too, for the district court decisions they cite on pages 11 and 12, which concern boilerplate claims with few or no allegations supporting municipal liability. *See, e.g., Annan v. Vill. of Romeoville*, No. 12 C 3577, 2013 WL 673484, at *6 (N.D. Ill. Feb. 25, 2013) (plaintiff apparently pled a single, conclusory allegation of an unconstitutional policy).

To be sure, Plaintiff must ultimately prove municipal liability at trial. At this early stage in the litigation, however, he need only plead the existence of an unconstitutional policy or custom that caused his injuries, which he has done. In this posture, the Court asks, "*could* these

things have happened, not *did* they happen." *Swanson*, 614 F.3d at 404 (emphasis in original). Defendants are not entitled to dismissal of the municipal liability claim.[3]

### IV.     Indemnity and *Respondeat Superior* Counts Must Advance.

Defendants seek dismissal of Plaintiff's claims for indemnification and *respondeat superior* on the incorrect basis that Plaintiff has failed to plead viable claims against the individual defendants. *See* Dkt. 55 at 12. For the reasons discussed above, Plaintiff's Complaint satisfies Rule 8, so none of the Defendants should be dismissed from this case. Accordingly, Plaintiff's claims for indemnification and *respondeat superior* liability as to Defendants' employers must advance as well.

### CONCLUSION

Pursley's wrongful conviction was a miscarriage of justice, which he alleges resulted from Defendants' deliberate actions. The Complaint alleges "sufficient factual matter" that, when "accepted as true ... 'state[s] a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Defendants' motions should be denied.

Respectfully submitted,

**PATRICK PURSLEY**

By: s/ Roshna Bala Keen
One of His Attorneys

Jon Loevy
Roshna Bala Keen
Alison R. Leff
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.

---

[3] Although Plaintiff believes all of his allegations in the Complaint, including his *Monell* allegations, are adequate under Federal Rule 8, out of an abundance of caution, to the extent this Court believes any portion of his Complaint is insufficiently pled, Plaintiff hereby seeks leave of court to file an amended complaint.

Chicago, IL 60607
(312) 243-5900 (phone)
roshna@loevy.com

Ashley Waddell Tingstad
Hooper Hathaway, P.C.
126 S. State St.
Ann Arbor, MI 48104
(734) 662-4426
atingstad@hooperhathaway.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2019, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

s/ Roshna Bala Keen
One of Plaintiff's Attorneys

13