IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICK PURSLEY, | ) | Case No. 3:18-CV-50040 |
| Plaintiff, | ) | |
| | ) | Judge: Hon. Philip G. Reinhard |
| v. | ) | |
| | ) | Magistrate Judge: Hon. Lisa A. Jensen |
| CITY OF ROCKFORD, JAMES BARTON, JIM | ) | |
| BOWMAN, RON GALLARDO, JOHN | ) | |
| GENENS, CHARLENE GETTY, JEFF HOUDE, | ) | |
| CHRISTINE BISHOP, SAM POBJECKY, | ) | |
| MARK SCHMIDT, BRUCE SCOTT, DOUG | ) | |
| WILLIAMS, GREG HANSON, STEPHEN | ) | |
| PIRAGES, City City Administrator for the City of | ) | |
| Rockford, as Special Representative for the | ) | |
| ESTATE OF HOWARD FORRESTER, | ) | |
| ESTATE OF GARY REFFETT, and ESTATE | ) | |
| OF DAVID EKEDAHL, UNIDENTIFIED | ) | |
| EMPLOYEES OF THE ROCKFORD POLICE | ) | |
| DEPARTMENT, DANIEL GUNNELL, PETER | ) | |
| STRIUPAITIS, JACK WELTY, and | ) | |
| UNIDENTIFIED EMPLOYEES OF THE | ) | |
| ILLINOIS STATE POLICE CRIME LAB, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT MARK SCHMIDT'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

NOW COMES Defendant, MARK SCHMIDT, by and through his attorney, Michael F.

Iasparro of Hinshaw & Culbertson LLP, and for his Answer to the Second Amended Complaint

filed in this case, states as follows:

## INTRODUCTION

1.      Plaintiff Patrick Pursley was wrongfully convicted of the murder of Andrew

Ascher, a crime he did not commit.  Arrested in the prime of his life, Plaintiff spent twenty-three

years in prison before he was ultimately exonerated.

**ANSWER:**    Defendant Schmidt denies that Plaintiff Patrick Pursley was wrongfully
convicted of the murder of Andrew Ascher.  Defendant Schmidt has insufficient knowledge as to
whether Plaintiff was arrested in the prime of his life.  Defendant Schmidt admits Plaintiff spent

twenty-three years in prison.  Defendant Schmidt has insufficient knowledge to either admit or deny whether Plaintiff was ultimately exonerated.

2.     The evidence used to secure Plaintiff's conviction was fabricated by Defendant officers of the Rockford City Police Department ("RCPD") and forensic scientists from the Illinois State Police ("ISP") crime lab.  There was no credible evidence connecting Plaintiff to the crime scene or the murder weapon.

**ANSWER:**     Defendant Schmidt denies the allegations in paragraph 2 of the Second Amended Complaint.

3.     Defendants concealed their fabrication of evidence from Plaintiff along with other exculpatory and impeachment evidence.

**ANSWER:**     Defendant Schmidt denies the allegations in paragraph 3 of the Second Amended Complaint.

4.     At all times during the more than two decades since he was convicted and sentenced to natural life in prison, Plaintiff steadfastly maintained his innocence.  For more than ten years, Plaintiff fought to conduct ballistics testing on the alleged murder weapon.  In 2011 and 2012, ballistics testing finally confirmed that Plaintiff did not commit the crime.  Plaintiff's conviction was overturned on March 3, 2017, and on January 15, 2019, Plaintiff was acquitted following a new trial.

**ANSWER:**     Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in the first and second sentences of paragraph 4 of the Second Amended Complaint. Defendant Schmidt denies that in 2011 and 2012, ballistics testing finally confirmed that Plaintiff did not commit the murder of Andrew Ascher.  Defendant Schmidt admits that Plaintiff's conviction was overturned on March 3, 2017, and that on January 15, 2019, Plaintiff was acquitted following a new trial.

5.     Defendants' misconduct deprived Plaintiff of innumerable life experiences and opportunities, including the chance to watch his young children grow up.  He now seeks justice for the harm Defendants caused and redress for the loss of liberty and terrible hardship he endured and continues to suffer because of Defendants.

1007697\303309288.v2

**ANSWER:** Defendant Schmidt denies any of the misconduct alleged in the Second Amended Complaint, or that any harm or damages Plaintiff alleges in the Second Amended Complaint were caused by him or any of the other Defendants.

## JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. § 1983 and Illinois law to redress the Defendants' tortious conduct and their deprivation of Plaintiff's rights secured by the U.S. Constitution.

**ANSWER:** Defendant Schmidt admits this action is brought pursuant to 42 U.S.C. § 1983 and Illinois law, but denies the Defendants engaged in any tortious conduct or deprived Plaintiff of any rights secured by the U.S. Constitution.

7. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1367.

**ANSWER:** Defendant Schmidt admits this Court has jurisdiction over this action.

8. Venue is proper under 28 U.S.C. § 1394(b). A substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district, as Plaintiff's criminal case was investigated, tried, and appealed in Winnebago County, Illinois.

**ANSWER:** Defendant Schmidt admits that venue is proper in this Court.

## PARTIES

9. Plaintiff Patrick Pursley is a 53-year-old resident of Champaign, Illinois. He spent more than twenty-three years wrongly imprisoned for a murder he did not commit.

**ANSWER:** Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in the first sentence of paragraph 9 of the Second Amended Complaint. Defendant Schmidt denies the allegations in the second sentence of paragraph 9 of the Second Amended Complaint.

10. At all relevant times, Defendants James Barton, Jim Bowman, Ron Gallardo, John Genens, Charlene Getty, Jeffrey Houde, Christine Bishop (née McAnally), Sam Pobjecky, Mark

1007697\303309288.v2

Schmidt, Bruce Scott, Doug Williams, Greg Hanson, Stephen Pirages, and Unidentified Employees of the RCPD were police officers with, or otherwise employed by, the RCPD.

**ANSWER:** Defendant Schmidt admits that each of the identified Defendants was employed by the RCPD at the time of Andrew Ascher's murder. Defendant Schmidt denies that the RCPD's investigation of the Ascher murder resulted in Plaintiff's wrongful conviction, or that Plaintiff was wrongfully convicted.

11. The City Administrator for the City of Rockford is named as a defendant in his capacity as Special Representative of the Estates of Howard Forrester, Gary Reffett, and David Ekedahl to defend those parties in this action. Forrester, Reffett and Ekedahl were police officers with, or otherwise employed by, the RCPD. They are now deceased.

**ANSWER:** Defendant Schmidt admits the allegations in paragraph 11 of the Second Amended Complaint.

12. Each Defendant Officer (hereinafter, with the Estate of Howard Forrester, the Estate of Gary Reffett, and the Estate of David Ekedahl, the "Defendant Officers") participated in the Ascher murder investigation, which resulted in Plaintiff's wrongful conviction.

**ANSWER:** Defendant Schmidt has insufficient knowledge as to the extent of each Defendant Officer's involvement in the Ascher murder investigation, but denies that the investigation resulted in Plaintiff's wrongful conviction.

13. Each of the Defendant Officers is sued in his or her individual capacity. At all times relevant to this case, the Defendant Officers acted under color of law and within the scope of their employment.

**ANSWER:** Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in paragraph 13 of the Second Amended Complaint.

14. Defendant City of Rockford is an Illinois municipal corporation that is or was the employer of the Defendant Officers and operates the RCPD.

**ANSWER:** Defendant Schmidt admits the allegations in paragraph 14 of the Second Amended Complaint.

1007697\303309288.v2

15. Defendants Daniel Gunnell, Peter Striupaitis, Jack Welty, and Unidentified Employees of the ISP crime lab were, at all relevant times, employed as forensic scientists by the ISP. These forensic scientists (hereinafter, the "Defendant Forensic Scientists") participated in the Ascher murder investigation, which resulted in Plaintiff's wrongful conviction.

**ANSWER:** Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in the first sentence of paragraph 15 of the Second Amended Complaint. Defendant Schmidt denies that Plaintiff was wrongfully convicted of the Ascher murder.

16. Each Defendant Forensic Scientist is sued in his or her individual capacity. At all times relevant to this case, the Defendant Forensic Scientists acted under color of law and within the scope of their employment.

**ANSWER:** Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in paragraph 16 of the Second Amended Complaint.

## FACTS

### The Crime

17. On April 2, 1993, at approximately 10 p.m., twenty-two-year-old Andrew Ascher was shot and killed while sitting in the driver's seat of his Ford Explorer. Ascher's girlfriend, twenty-five-year-old Rebecca George, was sitting next to him in the front passenger seat.

**ANSWER:** Defendant Schmidt admits the allegations in paragraph 17 of the Second Amended Complaint.

18. Ascher and George were parked in a residential parking area in front of George's brother's condominium at 2709 Silent Wood Trail in Rockford, Illinois, having a conversation before going into the home. The driver's side door was cracked open.

**ANSWER:** Defendant Schmidt admits the allegations in paragraph 18 of the Second Amended Complaint.

1007697\303309288.v2

19.     After Ascher and George had been parked for about ten minutes, a man approached the driver's side of the car and pulled the door wider open. The man pointed a gun at the couple, and demanded their wallets.

**ANSWER:**     Defendant Schmidt admits the allegations in paragraph 19 of the Second Amended Complaint.

20.     George removed cash from her purse and offered it to the assailant, but he did not take the money. George began looking in her purse for something else to offer the man.

**ANSWER:**     Defendant Schmidt admits the allegations in paragraph 20 of the Second Amended Complaint.

21.     At the time, Ascher was reaching for his wallet. The assailant suddenly fired the gun, striking Ascher twice in the head. The assailant then ran away from the car.

**ANSWER:**     Defendant Schmidt admits the allegations in paragraph 21 of the Second Amended Complaint.

22.     George ran to her brother's apartment to call the police.

**ANSWER:**     Defendant Schmidt admits the allegations in paragraph 22 of the Second Amended Complaint.

23.     A neighbor of George's brother, sixteen-year-old David Bodell, heard the gunshots and a woman's scream. Bodell went outside and saw the man crouched by a dumpster in the parking area where Ascher's Explorer was parked.

**ANSWER:**     Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in paragraph 23 of the Second Amended Complaint.

24.     Bodell saw the man run from the scene as he heard sirens from the approaching police cars.

**ANSWER:**     Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in paragraph 24 of the Second Amended Complaint.

25.     Defendant Officers including Schmidt, Forrester, Genens, Houde, Williams, Barton, and Reffett reported to the crime scene, but found no suspects in the area.

1007697\303309288.v2

**ANSWER:** Defendant Schmidt admits that he reported to the crime scene, and that there were no suspects found in the area.

26. Andrew Ascher was transported to a hospital where he died from the gunshot wounds.

**ANSWER:** Defendant Schmidt admits the allegations in paragraph 26 of the Second Amended Complaint.

27. Investigators from the RCPD located footprints in the snow near the dumpster where Bodell saw the crouching man.

**ANSWER:** Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in paragraph 27 of the Second Amended Complaint.

28. To this day, the crime remains unsolved. By fabricating evidence to convict the wrong person, Defendants have permitted the real killer to remain at large.

**ANSWER:** Defendant Schmidt denies the allegations of paragraph 28 of the Second Amended Complaint.

### Patrick Pursley

29. In April 1993, Plaintiff was a twenty-seven-year-old resident of the City of Rockford, and lived with his girlfriend, twenty-four-year-old Samantha Crabtree. He had a ten-year-old son and a four-year-old daughter. Plaintiff had a close relationship with his children and was actively involved in their lives.

**ANSWER:** Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in paragraph 29 of the Second Amended Complaint.

30. Plaintiff had no connection whatsoever to Andrew Ascher, nor did he have any involvement in Ascher's murder.

**ANSWER:** Defendant Schmidt has insufficient knowledge to either admit or deny whether Plaintiff had any connection whatsoever to Andrew Ascher. Defendant Schmidt denies that Plaintiff did not have any involvement in Ascher's murder.

1007697\303309288.v2

31.    On the night of April 2, 1993, Plaintiff was home with Crabtree, his son Anthony, and Anthony's young uncle, Aaron.

**ANSWER:**    Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in paragraph 31 of the Second Amended Complaint, including because there is no time frame set forth in the allegation.

32.    Numerous people corroborated Mr. Pursley's alibi.

**ANSWER:**    Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in paragraph 32 of the Second Amended Complaint.

33.    Myra Foster, Anthony's grandmother, and Tracy Foster, Anthony's mother, both testified that Patrick picked up Anthony and Aaron from Myra's home earlier that day.

**ANSWER:**    Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in paragraph 33 of the Second Amended Complaint.

34.    Penny Bunnell, a friend of Myra Foster, also testified that Patrick had come to pick up the boys from Myra's home on April 2, 1993.

**ANSWER:**    Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in paragraph 34 of the Second Amended Complaint.

35.    Additionally, Crabtree testified that she was with Plaintiff at home when the murder took place.

**ANSWER:**    Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in paragraph 35 of the Second Amended Complaint, but further states that any such testimony would be inconsistent with Crabtree's written statement regarding Pursley's having committed the Ascher murder and her involvement in the same.

### Defendants Have No Suspects Until They Offer A Financial Reward

36.    The Defendant Officers participated in the Ascher murder investigation.

**ANSWER:**    Defendant Schmidt admits that he participated in the Ascher murder investigation.

1007697\303309288.v2

37.     Two months after the murder, the pressure to solve the crime increasing, the police put out a bulletin on Crime Stoppers offering a cash reward for information leading to the arrest of a suspect.

**ANSWER:**     Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in paragraph 37 of the Second Amended Complaint.

38.     Attracted by the cash reward, on June 8, 1993, a man called Crime Stoppers and made a false report.  The man claimed he had visited Plaintiff the day after the murder, and that Plaintiff had confessed to killing Ascher in the course of attempting to rob him.

**ANSWER:**     Defendant Schmidt admits that a man called Crime Stoppers and reported that Plaintiff had confessed to killing Ascher, but has insufficient knowledge as to that man's motivation or the date of the call to Crime Stoppers.

39.     Four days later, on June 12, the man called Crime Stoppers a second time, identified himself as Marvin Windham, and gave the police a statement.

**ANSWER:**     Defendant Schmidt admits that Marvin Windham later identified himself as the Crime Stoppers caller and gave the police a statement, but has insufficient knowledge as to the date of the second call.

40.     Windham received $2,650 as a reward for the information.

**ANSWER:**     Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in paragraph 40 of the Second Amended Complaint.

### Defendants Obtain a False Statement from Samantha Crabtree

41.     Although there was no physical evidence or eyewitness connecting Plaintiff to the case, after receiving the Crime Stoppers tip, the Defendant Officers set their sights on Plaintiff and focused on building a case against him.  Thereafter, the Defendant Officers did not pursue leads against other individuals identified as possible suspects.

**ANSWER:**     Defendant Schmidt denies the allegations in paragraph 41 of the Second Amended Complaint.

1007697\303309288.v2

42.     On June 10, Defendants Schmidt, Forrester, Houde, and at least two other Defendant Officers began following Plaintiff's girlfriend, Samantha Crabtree, and pursued her until she gave them a false statement against Plaintiff.

**ANSWER:**     Defendant Schmidt admits that investigating detectives sought to interview Ms. Crabtree in relation to the Ascher murder, but denies the characterization that investigating detectives "pursued her until she gave them a false statement against Plaintiff."

43.     In addition, the Defendant Officers took Crabtree to the apartment she shared with Plaintiff. With Crabtree waiting in the car, Defendants Officers including Pirages, Ekedahl, Hanson, and Scott searched her apartment. These Defendants reported recovering, among other things, a 9-millimeter Taurus handgun, as well as articles of Plaintiff's clothing and a pair of black combat boots.

**ANSWER:**     Defendant Schmidt denies the characterization of events in paragraph 43 of the Second Amended Complaint, which is based on false premises and a false narrative. Answering further, Defendant Schmidt states that Ms. Crabtree voluntarily accompanied detectives to her and Plaintiff's apartment, where she cooperated with detectives who executed a search warrant which had been issued by the Chief Judge of Illinois' Seventeenth Judicial Circuit, pursuant to which several items were recovered, including a 9-millimeter Taurus handgun, as well as articles of Plaintiff's clothing and a pair of black combat boots.

44.     Defendants then brought Crabtree to the police station for interrogation.

**ANSWER:**     Defendant Schmidt denies the characterization of events in paragraph 44 of the Second Amended Complaint. Answering further, Defendant Schmidt states that Ms. Crabtree voluntarily accompanied detectives to the police station to be interviewed regarding her and Plaintiff's involvement in the Ascher murder.

45.     Over the course of several hours, Defendant Officers including Forrester and Schmidt intimidated and coerced Crabtree, threatening to separate her from her children. Feeding Crabtree details about Ascher's murder that she did not previously know, Defendants coerced Crabtree into fabricating a story implicating Plaintiff in the murder.

**ANSWER:**     Defendant Schmidt denies the allegations in paragraph 45 of the Second Amended Complaint.

1007697\303309288.v2

46.     Defendants Forrester and Schmidt then brought Crabtree in the back of a police car to the area where Ascher was killed.  Defendants coerced Crabtree into fabricating a story about driving Plaintiff to and from the scene of Ascher's murder on the night he was killed.

**ANSWER:**     Defendant Schmidt denies the characterization of events in the first sentence of paragraph 46 of the Second Amended Complaint.  Answering further, Defendant Schmidt states that Ms. Crabtree voluntarily accompanied him and Detective Forrester to point out locations in the City of Rockford relevant to the Ascher murder, as well as recent armed robberies that she and Plaintiff had committed.  Defendant Schmidt denies the allegations in the second sentence of paragraph 46 of the Second Amended Complaint.

47.     Forrester and Schmidt later brought Crabtree to the identification unit at the police station to meet Defendant Houde.  There, the Defendant Officers coerced Crabtree into falsely claiming that on the night of Ascher's murder, Plaintiff wore the clothing and carried the 9-millimeter Taurus handgun they said had been recovered from Plaintiff's and her apartment.

**ANSWER:**     Defendant Schmidt denies the characterization of events in the first sentence of paragraph 47 of the Second Amended Complaint.  Answering further, Defendant Schmidt states that Ms. Crabtree voluntarily accompanied him and Detective Forrester to the identification unit at the police station to meet with Defendant Houde, where she identified several articles of clothing as belonging to Plaintiff and having been worn by Plaintiff the night of the Ascher murder, as well as identified the Taurus 9-millimeter handgun as having been used by Plaintiff to commit the murder.  Defendant Schmidt denies the allegations in the second sentence of paragraph 47 of the Second Amended Complaint.

48.     Thereafter, the Defendants typed a false statement for Crabtree implicating Plaintiff in Ascher's murder, and caused Crabtree to sign it.

**ANSWER:**     Defendant Schmidt denies the allegations in paragraph 48 of the Second Amended Complaint.

49.     All told, the Defendant Officers interrogated Crabtree for more than ten hours.

**ANSWER:**     Defendant Schmidt denies the allegations in paragraph 49 of the Second Amended Complaint.

50.     The Defendant Officers knew the statement they obtained from Crabtree was false.  Her false statement was used to initiate criminal charges against Plaintiff and secure his indictment.

1007697\303309288.v2

**ANSWER:** Defendant Schmidt denies the allegations in the first sentence of paragraph 50 of the Second Amended Complaint. Defendant Schmidt admits that Ms. Crabtree's written statement, which she voluntarily gave, signed and initialed as the truth, was one aspect of the evidence which supported criminal charges for first degree murder against Plaintiff.

51. On August 6, 1993, Crabtree signed an affidavit recanting her statement. The affidavit explained that she had been interrogated for more than 10 hours, and was pregnant, tired, sick, and emotionally weak at the time. Crabtree explained that she adopted the detectives' false story when she claimed Plaintiff was involved in Ascher's murder because she was intimidated and coerced.

**ANSWER:** Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in paragraph 51 of the Second Amended Complaint.

**Defendants Fabricate Forensic Evidence to Implicate Plaintiff**

52. Following Crabtree's interrogation, the RCPD submitted the Taurus handgun to the ISP crime lab for testing.

**ANSWER:** Defendant Schmidt admits that the Taurus 9-millimeter handgun recovered from Pursley's apartment was submitted to the ISP crime lab for forensic testing.

53. The Defendant Forensic Scientists compared bullets and cartridge casings fired from the Taurus to bullets and casings located at the crime scene and on the victim. The tests did not establish that the Taurus was the gun used to kill Andrew Ascher.

**ANSWER:** Defendant Schmidt admits that ISP Forensic Scientists compared bullets and cartridge casings fired from the Taurus to bullets and casings located at the crime scene and on the victim. Defendant Schmidt denies that the tests did not establish that the Taurus was the gun used to kill Andrew Ascher.

54. Nevertheless, the Defendant Forensic Scientists fabricated a report stating the science showed with certainty that the Taurus was used in the murder.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 54 of the Second Amended Complaint.

1007697\303309288.v2

55.     This fabricated evidence "conclusively" linking the gun supposedly seized from Plaintiff's apartment to the murder was the cornerstone of the prosecution's case.  Working in concert with the Defendant Officers who had investigated the case, the Defendants fabricated this key "link" between Plaintiff and the crime, and withheld evidence of this fabrication from the prosecution and defense.

**ANSWER:**     Defendant Schmidt denies the allegations in paragraph 55 of the Second Amended Complaint.

### Defendants Use Fabricated Evidence to Charge And Prosecute Plaintiff

56.     In fabricating the link between the Taurus and Ascher's murder, Defendants entered into evidence a gun they knew was not the murder weapon and falsely indicated that it was the murder weapon.

**ANSWER:**     Defendant Schmidt denies the allegations in paragraph 56 of the Second Amended Complaint.

57.     The Defendants never disclosed this shocking fabrication to either the prosecution or to Plaintiff prior to his conviction.

**ANSWER:**     Defendant Schmidt denies the allegations in paragraph 57 of the Second Amended Complaint, which is based on a false premise.  There was no fabrication of evidence with respect to Plaintiff's involvement in the Ascher murder, and thus no need to disclose any such thing to either the prosecution or to Plaintiff prior to his conviction.

58.     When they fabricated the case against Plaintiff, the Defendant Officers knew Plaintiff did not commit the murder.

**ANSWER:**     Defendant Schmidt denies the allegations in paragraph 58 of the Second Amended Complaint, which is based on a false premise.  There was no fabrication of evidence with respect to Plaintiff's involvement in the Ascher murder.  The evidence gathered during the investigation was gathered legally, and supported criminal charges against Plaintiff for Ascher's murder.

59.     Indeed, Plaintiff did not match the description provided by David Bodell of the man he saw flee the scene.  Nor did the combat boots seized from Plaintiff's apartment match the

1007697\303309288.v2

footprint in the snow near the dumpster where Bodell saw a man crouching immediately after the murder. In addition, the ISP crime lab found no blood on the clothing Defendants seized from Plaintiff's home. Nor did the sweatshirt Defendants seized—a pullover—match the description George provided of her attacker's zip-up sweatshirt.

**ANSWER:** Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in paragraph 59 of the Second Amended Complaint.

60. One of the Defendant Officers spoke to the victim's mother, Lois Ascher, after Plaintiff's arrest for her son's death. Mrs. Ascher asked whether the police were sure Plaintiff committed the crime, and the Defendant Officer responded: "Well we have somebody anyway."

**ANSWER:** Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in paragraph 60 of the Second Amended Complaint.

**Plaintiff's Trial, Wrongful Conviction, And Imprisonment**

61. In April 1994, the charges against Plaintiff were tried before a jury in Winnebago County, Illinois.

**ANSWER:** Defendant Schmidt admits the allegations in paragraph 61 of the Second Amended Complaint.

62. The jury found Plaintiff guilty of first degree murder, and he was sentenced to natural life without parole.

**ANSWER:** Defendant Schmidt admits the allegations in paragraph 62 of the Second Amended Complaint.

63. For the next twenty-three years, Plaintiff was incarcerated in Illinois prisons.

**ANSWER:** Defendant Schmidt admits the allegations in paragraph 63 of the Second Amended Complaint.

**Plaintiff's Exoneration**

64. Beginning with his first police interview on June 16, 1993, Plaintiff has steadfastly maintained his innocence. Plaintiff unsuccessfully appealed his conviction,

1007697\303309288.v2

petitioned the Illinois Supreme Court for leave to appeal, filed a state post-conviction petition, and appealed again. Thereafter, he filed a federal petition for a writ of habeas corpus. All were unsuccessful.

**ANSWER:** Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in paragraph 64 of the Second Amended Complaint.

65. Beginning in early 2000, Plaintiff began filing motions asking the trial court to order ballistics testing on the casings and bullets found at the crime scene and on the victim, and the Taurus handgun entered in evidence at trial. Though Plaintiff's motions were all denied, in January 2011, the Illinois Appellate Court reversed the trial court's decision and ordered ballistics testing.

**ANSWER:** Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in paragraph 65 of the Second Amended Complaint.

66. In late 2011, the ISP crime lab entered the casings and the Taurus into the Integrated Ballistics Identification System ("IBIS"), an automated ballistics imaging and analysis system run by the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives, and used to track guns involved in crimes. The IBIS search did not match the casings from the Ascher murder to the Taurus handgun.

**ANSWER:** Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in paragraph 66 of the Second Amended Complaint.

67. Thereafter, an independent forensic scientist performed ballistic testing on the Taurus and the bullets and casings from the Ascher murder. In 2012, the forensic scientist issued a report concluding that neither the bullets nor the casings recovered from the crime scene and the victim matched the Taurus handgun used to convict Plaintiff.

**ANSWER:** Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in paragraph 67 of the Second Amended Complaint.

1007697\303309288.v2

68.    On March 23, 2017, the Illinois court granted Plaintiff's motion for a new trial based on the new ballistics evidence.

**ANSWER:**    Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in paragraph 68 of the Second Amended Complaint.

69.    Plaintiff was released from prison on April 13, 2017, after twenty-three years.

**ANSWER:**    Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in paragraph 69 of the Second Amended Complaint.

70.    The State tried plaintiff a second time for the murder of Andrew Ascher beginning on January 10, 2019. Following a two-day bench trial, on January 15, 2019, the court entered a judgment acquitting Plaintiff of all charges.

**ANSWER:**    Defendant Schmidt admits the allegations in paragraph 70 of the Second Amended Complaint.

### Plaintiff's Damages

71.    Plaintiff has suffered tremendous damage as a result of Defendants' misconduct.

**ANSWER:**    Defendant Schmidt denies the allegations in paragraph 71 of the Second Amended Complaint.

72.    Most notably, he has been forced to endure longstanding and significant emotional pain as a result of the false case against him. Plaintiff was separated from his family for twenty-three years, during which he was denied the various pleasures of human experience, from the most mundane to the most important. Plaintiff missed countless holidays, birthdays, and "firsts" in his children's lives. He lost the opportunity to mourn with family at funerals and celebrate new life with friends and family. He was deprived of all the basic pleasures of human experience, which all free people enjoy as a matter of right, including the freedom to live one's life as an autonomous human being.

**ANSWER:**    Defendant Schmidt has insufficient knowledge to either admit or deny any allegations in paragraph 72 of the Second Amended Complaint regarding any pain suffered or

16

endured by Plaintiff but, regardless, denies any such pain was caused or a result of any false case against him or misconduct of the Defendants.

73. In addition, he has endured many physical struggles as a result of his long confinement in Illinois' dangerous prisons.

**ANSWER:** Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in paragraph 73 of the Second Amended Complaint.

74. Plaintiff returned home to relationships changed or lost by decades away. He is now attempting to make up for lost time in his personal and professional life and is working to manage the staggering transition from life in prison to life in free society.

**ANSWER:** Defendant Schmidt has insufficient knowledge to either admit or deny the allegations in paragraph 74 of the Second Amended Complaint.

### Rockford's Policies and Widespread Practices

75. The constitutional violations Plaintiff suffered are not isolated events. Rather, they were a result of the RCPD's policies and widespread practices of:

a. Pursuing convictions without regard to the truth;

b. Failing to adequately train and supervise its police officers or other employees on their obligations to disclose exculpatory and impeachment evidence, and not to fabricate evidence;

c. Failing to discipline officers and other employees who withhold exculpatory or impeachment evidence, or who fabricate evidence; and

d. Failing to intervene to prevent individual officers and other employees from violating citizens' constitutional rights.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 75 of the Second Amended Complaint.

1007697\303309288.v2

76.     In accordance with these policies and widespread practices, RCPD officers refused to report misconduct committed by their colleagues, including the misconduct at issue in this case.

**ANSWER:**     Defendant Schmidt denies the allegations in paragraph 76 of the Second Amended Complaint.

77.     This longstanding failure to train, supervise, and discipline officers and employees effectively condones, ratifies, and sanctions the kind of misconduct that the Defendant Officers committed against Plaintiff in this case.  The City's practices and policies encouraged and facilitated constitutional violations like those that occurred in this case.

**ANSWER:**     Defendant Schmidt denies the allegations in paragraph 77 of the Second Amended Complaint.

78.     The City of Rockford, including policymakers of the RCPD, failed to act to remedy the abuses described in the preceding paragraphs, despite actual knowledge of the pattern of misconduct.  They thereby perpetuated the unlawful practices and ensured that no action would be taken (independent of the judicial process) to remedy Plaintiff's ongoing injuries.

**ANSWER:**     Defendant Schmidt denies the allegations in paragraph 78 of the Second Amended Complaint.

79.     City of Rockford policymakers condoned the policies and practices described above and were deliberately indifferent to the violations of constitutional rights described herein.

**ANSWER:**     Defendant Schmidt denies the allegations in paragraph 79 of the Second Amended Complaint.

## COUNT I
### 42 U.S.C. § 1983 – Violation of Fourteenth Amendment Due Process Rights

80.     Plaintiff incorporates each paragraph of this pleading as if restated fully here.

**ANSWER:**     Defendant Schmidt incorporates his answers to each paragraph of this pleading as if restated fully here.

1007697\303309288.v2

81.     As described in detail above, the Defendant Officers and Defendant Forensic Scientists, while acting individually, jointly, and/or in conspiracy with each other, deprived Plaintiff of his constitutional right to a fair trial by withholding and suppressing exculpatory and impeachment evidence and by fabricating evidence against Plaintiff.

**ANSWER:**     Defendant Schmidt denies the allegations in paragraph 81 of the Second Amended Complaint.

82.     In the manner described more fully above, the Defendant Officers and Defendant Forensic Scientists deliberately withheld exculpatory and impeachment evidence from Plaintiff and from the prosecution, among others, thereby misleading and misdirecting the criminal prosecution of Plaintiff.

**ANSWER:**     Defendant Schmidt denies the allegations in paragraph 82 of the Second Amended Complaint.

83.     In addition, in the manner described more fully above, the Defendant Officers and Defendant Forensic Scientists knowingly fabricated and solicited false evidence implicating Plaintiff in the crime, and pursued and obtained Plaintiff's conviction using that false evidence.

**ANSWER:**     Defendant Schmidt denies the allegations in paragraph 83 of the Second Amended Complaint.

84.     The Defendant Officers' and Defendant Forensic Scientists' misconduct denied Plaintiff his constitutional right to a fair trial and directly resulted in his unjust criminal conviction.  Absent this misconduct, Plaintiff's prosecution could not and would not have been pursued.

**ANSWER:**     Defendant Schmidt denies the allegations in paragraph 84 of the Second Amended Complaint.

85.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others, and in total disregard of the truth and Plaintiff's clear innocence.

1007697\303309288.v2

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 85 of the Second Amended Complaint.

86. As a result of the Defendant Officers' and Defendant Forensic Scientists' misconduct described in this Count, Plaintiff suffered damages as set forth above.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 86 of the Second Amended Complaint.

87. The misconduct described in this Count was also undertaken pursuant to the policies and practices of the RCPD described above.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 87 of the Second Amended Complaint.

88. In this way, the City of Rockford also violated Plaintiff's rights through the actions of its agents by maintaining policies and practices that were a moving force driving the foregoing constitutional violations.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 88 of the Second Amended Complaint.

## COUNT II
### 42 U.S.C. § 1983 – Unlawful Detention in Violation of the Fourth Amendment

89. Plaintiff incorporates each paragraph of this pleading as if fully restated here.

**ANSWER:** Defendant Schmidt incorporates his answers to each paragraph of this pleading as if restated fully here.

90. In the manner described more fully above, the Defendant Officers and Defendant Forensic Scientists caused Plaintiff to be detained and imprisoned without probable cause.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 90 of the Second Amended Complaint.

91. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, and/or with reckless indifference to the rights of others.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 91 of the Second Amended Complaint.

1007697\303309288.v2

92.     As a result of the Defendant Officers' and Defendant Forensic Scientists' misconduct described in this Count, Plaintiff suffered damages as set forth above.

**ANSWER:**     Defendant Schmidt denies the allegations in paragraph 92 of the Second Amended Complaint.

## COUNT III
### 42 U.SC. § 1983 – Conspiracy to Deprive of Constitutional Rights

93.     Plaintiff incorporates each paragraph of this pleading as if fully restated here.

**ANSWER:**     Defendant Schmidt incorporates his answers to each paragraph of this pleading as if restated fully here.

94.     Each of the Defendant Officers and Defendant Forensic Scientists, acting in concert with one or more co-conspirators, reached an agreement to deprive Plaintiff of his constitutional rights, as described in the various paragraphs of this pleading.

**ANSWER:**     Defendant Schmidt denies the allegations in paragraph 94 of the Second Amended Complaint.

95.     In so doing, these co-conspirators conspired to accomplish an unlawful purpose or accomplish a lawful purpose by unlawful means.   In addition, these co-conspirators agreed among themselves to protect each other from liability or depriving Plaintiff of these rights.

**ANSWER:**     Defendant Schmidt denies the allegations in paragraph 95 of the Second Amended Complaint.

96.     In furtherance of their conspiracy, each of these co-conspirators committed an overt act, and was otherwise a willful participant in joint activity.

**ANSWER:**     Defendant Schmidt denies the allegations in paragraph 96 of the Second Amended Complaint.

97.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's constitutional rights and in total disregard of the truth and Plaintiff's innocence.

1007697\303309288.v2

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 97 of the Second Amended Complaint.

98.     As a result of the Defendant Officers' and Defendant Forensic Scientists' misconduct described in this Count, Plaintiff suffered damages as set forth above.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 98 of the Second Amended Complaint.

99.     The misconduct described in this Count was also undertaken pursuant to the policies and practices of the RCPD in the manner described more fully above. In this way, the City of Rockford also violated Plaintiff's rights through the actions of its agents by maintaining policies and practices that were a moving force driving the foregoing constitutional violations.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 99 of the Second Amended Complaint.

## COUNT IV
### 42 U.S.C. § 1983 – Failure to Intervene

100.     Plaintiff incorporates each paragraph of this pleading as if fully restated here.

**ANSWER:** Defendant Schmidt incorporates his answers to each paragraph of this pleading as if restated fully here.

101.     In the manner described above, during the constitutional violations described herein, one or more of the Defendant Officers and Defendant Forensic Scientists stood by without intervening to prevent the violation of Plaintiff's constitutional rights, even though they had the opportunity to do so.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 101 of the Second Amended Complaint.

102.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's constitutional rights.

1007697\303309288.v2

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 102 of the Second Amended Complaint.

103. The misconduct described in this Count was undertaken pursuant to the custom, policy, and/or practice of Defendant City of Rockford, as described above, such that Defendant City of Rockford is also liable.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 103 of the Second Amended Complaint.

104. As a result of Defendant Officers' and the Defendant Forensic Scientists' misconduct described in this Count, undertaken pursuant to the City's policy and practice as described above, Plaintiff suffered damages as set forth above.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 104 of the Second Amended Complaint.

### COUNT V
### State Law Claim – Malicious Prosecution

105. Plaintiff incorporates each paragraph of this pleading as if fully restated here.

**ANSWER:** Defendant Schmidt incorporates his answers to each paragraph of this pleading as if restated fully here.

106. In the manner described more fully above, the Defendant Officers and Defendant Forensic Scientists, individually, jointly, and/or in conspiracy with each other, pursuant to City policies and widespread practices, accused Plaintiff of criminal activity and exerted influence to initiate and to continue and perpetuate judicial proceedings against Plaintiff without any probable cause.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 106 of the Second Amended Complaint.

107. In so doing, Defendants caused Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury.

1007697\303309288.v2

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 107 of the Second Amended Complaint.

108. All such proceedings were ultimately terminated in Plaintiff's favor in a manner indicative of his innocence.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 108 of the Second Amended Complaint.

109. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others, and in total disregard of the truth and Plaintiff's clear innocence.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 109 of the Second Amended Complaint.

110. As a result of Defendants' misconduct described in this Count, Plaintiff suffered damages as set forth above.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 110 of the Second Amended Complaint.

111. The Defendant Officers' and Defendant Forensic Scientists' misconduct described in this Count was undertaken within the scope of their employment such that their employer, the RCPD, is liable for their actions.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 111 of the Second Amended Complaint.

## COUNT VI
### State Law Claim – Intentional Infliction of Emotional Distress

112. Plaintiff incorporates each paragraph of this pleading as if fully restated here.

**ANSWER:** Defendant Schmidt incorporates his answers to each paragraph of this pleading as if restated fully here.

113. The actions, omissions, and conduct of the Defendant Officers and Defendant Forensic Examiners as set forth above, were extreme and outrageous.

24

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 113 of the Second Amended Complaint.

114. The Defendant Officers' and Defendant Forensic Scientists' actions set forth above were rooted in an abuse of power or authority.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 114 of the Second Amended Complaint.

115. The Defendant Officers' and Defendant Forensic Scientists' actions set forth above were undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 115 of the Second Amended Complaint.

116. The Defendant Officers' and Defendant Forensic Scientists' actions set forth above were undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 116 of the Second Amended Complaint.

117. As a direct and proximate result of the misconduct described in this Count, Plaintiff suffered injuries, including severe emotional distress and ongoing pain.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 117 of the Second Amended Complaint.

118. The Defendant Officers' misconduct described in this Count was undertaken within the scope of their employment such that their employer, the RCPD, is liable for their actions.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 118 of the Second Amended Complaint.

## COUNT VII
### State Law Claim – Civil Conspiracy

119. Plaintiff incorporates each paragraph of this pleading as if fully restated here.

1007697\303309288.v2

**ANSWER:** Defendant Schmidt incorporates his answers to each paragraph of this pleading as if restated fully here.

120. As described more fully in the preceding paragraphs, the Defendant Officers and Defendant Forensic Scientists reached an agreement among themselves to frame Plaintiff for a crime he did not commit and conspired by concerted action to accomplish an unlawful purpose or achieve a lawful purpose by unlawful means. In addition, these co-conspirators agreed among themselves to protect each other from liability for depriving Plaintiff of these rights.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 120 of the Second Amended Complaint.

121. In furtherance of their conspiracy, each of these co-conspirators committed overt acts and were otherwise willful participants in joint activity.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 121 of the Second Amended Complaint.

122. In furtherance of the conspiracy, one or more of the co-conspirators committed an overt act, and each was a willful participant in joint activity.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 122 of the Second Amended Complaint.

123. The Defendant Officers' and Defendant Forensic Scientists' actions described in this Count were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 123 of the Second Amended Complaint.

124. As a result of the Defendant Officers' and Defendant Forensic Scientists' misconduct described in this Count, Plaintiff suffered damages as set forth above.

**ANSWER:** Defendant Schmidt denies the allegations in paragraph 124 of the Second Amended Complaint.

**COUNT VIII**

1007697\303309288.v2

**State Law Claim –** *Respondeat Superior*

125.     Plaintiff incorporates each paragraph of this pleading as if fully restated here.

**ANSWER:**     Defendant Schmidt incorporates his answers to each paragraph of this pleading as if restated fully here.

126.     While committing misconduct alleged in the preceding paragraphs, the Defendant Officers were employees, members, and agents of the City of Rockford acting at all relevant times within the scope of their employment.

**ANSWER:**     Defendant Schmidt denies the allegations in paragraph 126 of the Second Amended Complaint, inasmuch as the misconduct alleged did not occur.

127.     Defendant City of Rockford is liable as principal for all state law torts committed by its agents.

**ANSWER:**     Defendant Schmidt denies there were any state law torts committed by agents of the City of Rockford as alleged in this Second Amended Complaint, and so the Defendant City of Rockford is not liable as a principal for any such torts.

<b>COUNT IX<br>State Law Claim – Indemnification Pursuant to 745 ILCS 10/9-102</b>

128.     Plaintiff incorporates each paragraph of this pleading as if fully restated here.

**ANSWER:**     Defendant Schmidt incorporates his answers to each paragraph of this pleading as if restated fully here.

129.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:**     Defendant Schmidt admits that Illinois law so provides, but denies that there is any basis for such liability in this case.

130.     The Defendant Officers are or were employees, members, and agents of the City Rockford and the ISP who acted within the scope of their employment in committing the misconduct described herein.

**ANSWER:** Defendant Schmidt denies any and all of the misconduct alleged in this Second Amended Complaint.

131. The City of Rockford is responsible to pay any judgment entered against the Defendant Officers. Plaintiff therefore demands judgment against Defendant City of Rockford in the amount awarded to Plaintiff against each of the individual Defendants as damages, attorneys' fees, costs, and interest.

**ANSWER:** Defendant Schmidt denies that there is any basis for entry of judgment against him or the other Defendants in this case.

### AFFIRMATIVE DEFENSES

MARK SCHMIDT, one of the Defendants in the above-captioned matter, by and through his attorney, Michael F. Iasparro of Hinshaw & Culbertson LLP, for his Affirmative Defenses to Plaintiff's Second Amended Complaint, states as follows:

### First Affirmative Defense: Qualified Immunity

The actions of Defendant MARK SCHMIDT were undertaken in his capacity as a police officer and were further subjectively and objectively reasonable based upon the totality of the circumstances and did not violate any of Plaintiff's clearly established constitutional rights.

### Second Affirmative Defense: Immunity Under Illinois Tort Immunity Act

The actions of Defendant MARK SCHMIDT were undertaken in his capacity as a police officer and further fall within the protections afforded by qualified immunity and statutory immunity under the Illinois Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 *et seq.*

### Third Affirmative Defense: Public Official Immunity

The actions of Defendant MARK SCHMIDT were undertaken in his capacity as a police officer and further fall within the protections afforded by qualified immunity inasmuch as all of

1007697\303309288.v2

his actions were undertaken as a police officer acting within the scope of his discretion in investigating a criminal offense and making an arrest for a criminal offense.

### Fourth Affirmative Defense: Probable Cause

The actions of Defendant MARK SCHMIDT were undertaken in his capacity as a police officer and further fall within the protections afforded by qualified immunity inasmuch as all of his actions were undertaken with the reasonable belief that the Plaintiff had committed a criminal offense.

### Fifth Affirmative Defense: Absolute Testimonial Immunity

Defendant MARK SCHMIDT is entitled to absolute immunity for testifying in court proceedings, including proceedings related to the Ascher murder. *See, e.g., Briscoe v. LaHue*, 460 U.S. 325 (1983).

### Sixth Affirmative Defense: Statute of Limitations

Plaintiff's claims are untimely and barred by the applicable statutes of limitations.

### Seventh Affirmative Defense: Collateral Estoppel/Res Judicata

Plaintiff's claims are barred by the doctrine(s) of collateral estoppel and/or res judicata because he had a full and fair opportunity in his underlying criminal proceedings to litigate the same issues and/or claims raised in the Second Amended Complaint.

### Eighth Affirmative Defense: Intervening/Superseding Cause

The causal chain between any of Defendant MARK SCHMIDT'S actions and Plaintiff's conviction and/or imprisonment was broken by one or more intervening/superseding exercise(s) of independent judgment by another, including but not limited to Plaintiff, prosecutors, Illinois State Police personnel, witnesses, judges, and/or jurors.

1007697\303309288.v2

**Ninth Affirmative Defense: Comparative Fault**

To the extent that any injuries or damages of the Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by an amount commensurate with the degree of fault attributed to Plaintiff by the trier of fact in this case.

**Tenth Affirmative Defense: Failure to Mitigate Damages**

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principal that a Plaintiff must mitigate his damages.

WHEREFORE, Defendant MARK SCHMIDT respectfully requests that this Court enter judgment in his favor and against Plaintiff, award costs, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

HINSHAW & CULBERTSON LLP


/s/ Michael F. Iasparro
Michael F. Iasparro


Michael F. Iasparro
Hinshaw & Culbertson LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL 61105-1389
Telephone: 815-490-4900
Facsimile: 815-490-4901
miasparro@hinshawlaw.com

## <u>AFFIDAVIT OF FILING AND SERVICE</u>

The undersigned certifies that on October 29, 2019, a copy of the **Defendant Mark Schmidt's Answer and Affirmative Defenses to Second Amended Complaint** was electronically filed and served via the U.S. District Court CM/ECF E-Filing System upon the following:

Jonathan I. Loevy
Alison R. Leff
Roshna Bala Keen
Scott Rauscher
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
jon@loevy.com
alison@loevy.com
roshna@loevy.com
scott@loevy.com

Ashely Rosa Waddell Tingstad
Hooper Hathaway P.C.
126 S. Main Street
Ann Arbor, MI 48103
atingstad@hooperhathaway.com

Robert C. Pottinger
Mohit Khare
Barrick Switzer Long Balsley & Van Evera
6833 Stalter Drive
Rockford, IL 61108
rcpottinger@bslbv.com
mkhare@bslbv.com

Ifeanyichukwu C. Mogbana
Kerry F. Partridge
City of Rockford Department of Law
425 East State Street
Rockford, IL 61104
ifeanyi.mogbana@rockfordil.gov
kerry.partridge@rockfordil.gov

Joel M. L. Huotari
James P. Devine
WilliamsMcCarthy
120 West State Street
P.O. Box 219
Rockford, IL 61105-0219
jhuotari@wilmac.com
jdevine@wilmac.com

Sunil Bhave
Amanda L. Kozar
Erin Walsh
Illinois Attorney General's Office
100 West Randolph Street, 13th Floor
Chicago, IL 60601
sbhave@atg.state.il.us
akozar@atg.state.il.us
ewalsh@atg.state.il.us

s/ Michael F. Iasparro

HINSHAW & CULBERTSON LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL  61105-1389
(815) 490-4900
Fax:  (815) 490-4901

1007697\303309288.v2