## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

PATRICK PURSLEY,                                    )
                                                    )
    Plaintiff,                  )
                                                    )     Case No. 3:18-cv-50040
    v.                          )
                                                    )     Hon. Philip G. Reinhard
CITY OF ROCKFORD, JAMES BARTON,                     )
JIM BOWMAN, RON GALLARDO, JOHN                      )     Hon. Lisa A. Jensen
GENENS, CHARLENE GETTY, JEFF                        )
HOUDE, CHRISTINE BISHOP, SAM                        )
POBJECKY, MARK SCHMIDT, BRUCE                       )
SCOTT, DOUG WILLIAMS, GREG                          )
HANSON, STEPHEN PIRAGES, City                       )
Administrator for the City of Rockford, as          )
Special Representative for the ESTATE OF            )
HOWARD FORRESTER, ESTATE OF GARY                    )
REFFETT, and ESTATE OF DAVID                        )
EKEDAHL, UNIDENTIFIED EMPLOYEES                     )
OF THE ROCKFORD POLICE                              )
DEPARTMENT, DANIEL GUNNELL,                         )
PETER STRIUPAITIS, JACK WELTY, and                  )
UNIDENTIFIED EMPLOYEES OF THE                       )
ILLINOIS STATE POLICE CRIME LAB,                    )
                                                    )
    Defendants.                 )

## DEFENDANTS, CITY ADMINISTRATOR FOR THE CITY OF ROCKFORD, AS SPECIAL REPRESENTATIVE FOR THE ESTATE OF HOWARD FORRESTER'S, CITY ADMINISTRATOR FOR THE CITY OF ROCKFORD, AS SPECIAL REPRESENTATIVE FOR THE ESTATE OF GARY REFFETT AND CITY ADMINISTRATOR FOR THE CITY OF ROCKFORD, AS SPECIAL REPRESENTATIVE FOR THE ESTATE OF DAVID EKEDAHL'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COMES Defendants, CITY ADMINISTRATOR FOR THE CITY OF ROCKFORD, AS SPECIAL REPRESENTATIVE FOR THE ESTATE OF HOWARD FORRESTER, CITY ADMINISTRATOR FOR THE CITY OF ROCKFORD, AS SPECIAL REPRESENTATIVE FOR THE ESTATE OF GARY REFFETT AND CITY ADMINISTRATOR FOR THE CITY OF ROCKFORD, AS SPECIAL REPRESENTATIVE FOR THE ESTATE OF DAVID EKEDAHL by and through their attorneys, BARRICK, SWITZER, LONG, BALSLEY & VAN EVERA, LLP and for its Answer to Plaintiff's First Second Complaint respectfully states as follows:

## INTRODUCTION

1.      Plaintiff Patrick Pursley was wrongfully convicted of the murder of Andrew Ascher, a crime he did not commit. Arrested in the prime of his life, Plaintiff spent twenty-three years in prison before he was ultimately exonerated.

> **ANSWER**:      The Defendants admits that the Plaintiff was incarcerated for approximately 23 years but as to the remaining allegations, the Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 1 of Plaintiff's Second Amended Complaint.

2.      The evidence used to secure Plaintiff's conviction was fabricated by Defendant officers of the Rockford City Police Department ("RCPD") and forensic scientists from the Illinois State Police ("ISP") crime lab. There was no credible evidence connecting Plaintiff to the crime scene or the murder weapon.

> **ANSWER**:      The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 2 of Plaintiff's Second Amended Complaint.

3.      Defendants concealed their fabrication of evidence from Plaintiff along with other exculpatory and impeachment evidence.

> **ANSWER**:      The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 3 of Plaintiff's Second Amended Complaint.

4.      At all times during the more than two decades since he was convicted and sentenced to natural life in prison, Plaintiff steadfastly maintained his innocence. For more than ten years, Plaintiff fought to conduct ballistics testing on the alleged murder weapon. In 2011 and 2012, ballistics testing finally confirmed that Plaintiff did not commit the crime. Plaintiff's conviction was overturned on March 3, 2017, and on January 15, 2019, Plaintiff was acquitted following a new trial.

> **ANSWER**:      The Defendant are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 4 of Plaintiff's Second Amended Complaint but Defendants rely upon the public record with regard to the procedural and substantive history of case 1993 CF 1174.

5.      Defendants' misconduct deprived Plaintiff of innumerable life experiences and opportunities, including the chance to watch his young children grow up. He now seeks justice for the

harm Defendants caused and redress for the loss of liberty and terrible hardship he endured and continues to suffer because of Defendants.

> **ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 5 of Plaintiff's Second Amended Complaint.

## JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. § 1983 and Illinois law to redress the Defendants' tortious conduct and their deprivation of Plaintiff's rights secured by the U.S. Constitution.

> **ANSWER**: The Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Second Amended Complaint.

7. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1367.

> **ANSWER**: The Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Second Amended Complaint.

8. Venue is proper under 28 U.S.C. § 1391(b). A substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district, as Plaintiff's criminal case was investigated, tried, and appealed in Winnebago County, Illinois.

> **ANSWER**: The Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Second Amended Complaint.

## PARTIES

9. Plaintiff Patrick Pursley is a 53-year-old resident of Champaign, Illinois. He spent more than twenty-three years wrongly imprisoned for a murder he did not commit.

> **ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 9 of Plaintiff's Second Amended Complaint.

10. At all relevant times, Defendants James Barton, Jim Bowman, Ron Gallardo, John Genens, Charlene Getty, Jeffrey Houde, Christine Bishop (née McAnally), Sam Pobjecky, Mark Schmidt, Bruce Scott, Doug Williams, Greg Hanson, Stephen Pirages, and Unidentified Employees of the RCPD were police officers with, or otherwise employed by, the RCPD.

> **ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 10 of Plaintiff's Second Amended Complaint but state that the named individuals were employed by the RCPD.

11.     The City Administrator for the City of Rockford is named as a defendant in his capacity as Special Representative of the Estates of Howard Forrester, Gary Reffett, and David Ekedahl to defend those parties in this action. Forrester, Reffett, and Ekedahl were police officers with, or otherwise employed by, the RCPD. They are now deceased.

**ANSWER**:    The Defendants admit the allegations contained in Paragraph 11 of Plaintiff's Second Amended Complaint.

12.     Each defendant officer (hereinafter, with the Estate of Howard Forrester, the Estate of Gary Reffett, and the Estate of David Ekedahl, (the "Defendant Officers") participated in the Ascher murder investigation, which resulted in Plaintiff's wrongful conviction.

**ANSWER**:    The Defendants admit that they participated to some extent in the murder investigation of Andrew Ascher but as to the remaining allegations the Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 12 of Plaintiff's Second Amended Complaint.

13.     Each of the Defendant Officers is sued in his or her individual capacity. At all times relevant to this case, the Defendant Officers acted under color of law and within the scope their employment.

**ANSWER**:    The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 13 of Plaintiff's Second Amended Complaint.

14.     Defendant City of Rockford is an Illinois municipal corporation that is or was the employer of the Defendant Officers and operates the RCPD.

**ANSWER**:    The Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Second Amended Complaint in that the City of Rockford is a municipal corporation and admit that the named officers were employed by the RCPD.

15.     Defendants Daniel Gunnell, Peter Striupaitis, Jack Welty, and Unidentified Employees of the ISP crime lab were, at all relevant times, employed as forensic scientists by the ISP. These forensic scientists (hereinafter, the "Defendant Forensic Scientists") participated in the Ascher murder investigation, which resulted in Plaintiff's wrongful conviction.

**ANSWER**:    The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 15 of Plaintiff's Second Amended Complaint.

16.     Each Defendant Forensic Scientist is sued in his or her individual capacity. At all times

relevant to this case, the Defendant Forensic Scientists acted under color of law and within the scope of their employment.

> **ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 16 of Plaintiff's Second Amended Complaint.

## FACTS

### The Crime

17.     On April 2, 1993, at approximately 10 p.m., twenty-two-year-old Andrew Ascher was shot and killed while sitting in the driver's seat of his Ford Explorer. Ascher's girlfriend, twenty-five-year-old Rebecca George, was sitting next to him in the front passenger seat.

> **ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 17 of Plaintiff's Second Amended Complaint.

18.     Ascher and George were parked in a residential parking area in front of George's brother's condominium at 2709 Silent Wood Trail in Rockford, Illinois, having a conversation before going into the home. The driver's side door was cracked open.

> **ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 18 of Plaintiff's Second Amended Complaint.

19.     After Ascher and George had been parked for about ten minutes, a man approached the driver's side of the car and pulled the door wider open. The man pointed a gun at the couple, and demanded their wallets.

> **ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 19 of Plaintiff's Second Amended Complaint.

20.     George removed cash from her purse and offered it to the assailant, but he did not take the money. George began looking in her purse for something else to offer the man.

> **ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 20 of Plaintiff's Second Amended Complaint.

21.     At the same time, Ascher was reaching for his wallet. The assailant suddenly fired the gun, striking Ascher twice in the head. The assailant then ran away from the car.

> **ANSWER**: The Defendants are without sufficient information or knowledge, and cannot

readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 21 of Plaintiff's Second Amended Complaint.

22.    George ran to her brother's apartment to call the police.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 22 of Plaintiff's Second Amended Complaint.

23.    A neighbor of George's brother, sixteen-year-old David Bodell, heard the gunshots and a woman's scream. Bodell went outside and saw a man crouched by a dumpster in the parking area where Ascher's Explorer was parked.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 23 of Plaintiff's Second Amended Complaint.

24.    Bodell saw the man run from the scene as he heard sirens from the approaching police cars.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 24 of Plaintiff's Second Amended Complaint.

25.    Defendant Officers including Schmidt, Forrester, Genens, Houde, Williams, Barton, and Reffett reported to the crime scene, but found no suspects in the area.

**ANSWER**:  The Defendants admit that the named officers responded to a reported shooting on April 2, 1993 to a reported shooting, but as to the remaining allegations the Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 25 of Plaintiff's Second Amended Complaint.

26.    Andrew Ascher was transported to a hospital where he died from the gunshot wounds.

**ANSWER**:  The Defendants admit that Andrew Ascher died on April 2, 1993 but the Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 26 of Plaintiff's Second Amended Complaint.

27.    Investigators from the RCPD located footprints in the snow near the dumpster where Bodell saw the crouching man.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth

or falsity of the allegations of Paragraph 27 of Plaintiff's Second Amended Complaint.

28.     To this day, the crime remains unsolved. By fabricating evidence to convict the wrong person, Defendants have permitted the real killer to remain at large.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 28 of Plaintiff's Second Amended Complaint.

### Patrick Pursley

29.     In April 1993, Plaintiff was a twenty-seven-year-old resident of the City of Rockford, and lived with his girlfriend, twenty-four-year-old Samantha Crabtree. He had a ten- year-old son and a four-year-old daughter. Plaintiff had a close relationship with his children and was actively involved in their lives.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 29 of Plaintiff's Second Amended Complaint.

30.     Plaintiff had no connection whatsoever to Andrew Ascher, nor did he have any involvement in Ascher's murder.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 30 of Plaintiff's Second Amended Complaint.

31.     On the night of April 2, 1993, Plaintiff was home with Crabtree, his son Anthony, and Anthony's young uncle, Aaron.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 31 of Plaintiff's Second Amended Complaint.

32.     Numerous people corroborated Mr. Pursley's alibi.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 32 of Plaintiff's Second Amended Complaint.

33.     Myra Foster, Anthony's grandmother, and Tracy Foster, Anthony's mother, both testified that Patrick picked up Anthony and Aaron from Myra's home earlier that day.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 33 of Plaintiff's Second Amended Complaint.

34.     Penny Bunnell, a friend of Myra Foster, also testified that Patrick had come to pick up the boys from Myra's home on April 2, 1993.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 34 of Plaintiff's Second Amended Complaint.

35.     Additionally, Crabtree testified that she was with Plaintiff at home when the murder took place.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 35 of Plaintiff's Second Amended Complaint.

### Defendants Have No Suspects Until They Offer A Financial Reward

36.     The Defendant Officers participated in the Ascher murder investigation.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 36 of Plaintiff's Second Amended Complaint.

37.     Two months after the murder, with pressure to solve the crime increasing, the police put out a bulletin on Crime Stoppers offering a cash reward for information leading to the arrest of a suspect.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 37 of Plaintiff's Second Amended Complaint.

38.     Attracted by the cash reward, on June 8, 1993, a man called Crime Stoppers and made a false report. The man claimed he had visited Plaintiff the day after the murder, and that Plaintiff had confessed to killing Ascher in the course of attempting to rob him.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 38 of Plaintiff's Second Amended Complaint.

39.     Four days later, on June 12, the man called Crime Stoppers a second time, identified himself as Marvin Windham, and gave the police a statement.

**ANSWER**: The Defendants admit that Marvin Windham called Crime Stoppers and gave a statement but as to the remaining allegations the Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 39 of Plaintiff's Second

Amended Complaint.

40. Windham received $2,650 as a reward for the information.

**ANSWER**: The Defendants admit there was a cash reward but do not know the exact amount. The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 40 of Plaintiff's Second Amended Complaint.

### Defendants Obtain a False Statement from Samantha Crabtree

41. Although there was no physical evidence or eyewitness connecting Plaintiff to the case, after receiving the Crime Stoppers tip, the Defendant Officers set their sights on Plaintiff and focused on building a case against him. Thereafter, the Defendant Officers did not pursue leads against other individuals identified as possible suspects.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 41 of Plaintiff's Second Amended Complaint.

42. On June 10, Defendants Schmidt, Forrester, Houde, and at least two other Defendant Officers began following Plaintiff's girlfriend, Samantha Crabtree, and pursued her until she gave them a false statement against Plaintiff.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 42 of Plaintiff's Second Amended Complaint.

43. In addition, the Defendant Officers took Crabtree to the apartment she shared with Plaintiff. With Crabtree waiting in the car, Defendants Officers including Pirages, Ekedahl, Hanson, and Scott searched her apartment. These Defendants reported recovering, among other things, a 9-millimeter Taurus handgun, as well as articles of Plaintiff's clothing and a pair of black combat boots.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 43 of Plaintiff's Second Amended Complaint.

44. Defendants then brought Crabtree to the police station for interrogation.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 44 of Plaintiff's Second Amended Complaint.

45. Over the course of several hours, Defendant Officers including Forrester and Schmidt intimidated and coerced Crabtree, threatening to separate her from her children. Feeding Crabtree

details about Ascher's murder that she did not previously know, Defendants coerced Crabtree into fabricating a story implicating Plaintiff in the murder.

> **ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 45 of Plaintiff's Second Amended Complaint.

46. Defendants Forrester and Schmidt then brought Crabtree in the back of a police car to the area where Ascher was killed. Defendants coerced Crabtree into fabricating a story about driving Plaintiff to and from the scene of Ascher's murder on the night he was killed.

> **ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 46 of Plaintiff's Second Amended Complaint.

47. Forrester and Schmidt later brought Crabtree to the identification unit at the police station to meet Defendant Houde. There, the Defendant Officers coerced Crabtree into falsely claiming that on the night of Ascher's murder, Plaintiff wore the clothing and carried the 9- millimeter Taurus handgun they said had been recovered from Plaintiff's and her apartment.

> **ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 47 of Plaintiff's Second Amended Complaint.

48. Thereafter, the Defendants typed a false statement for Crabtree implicating Plaintiff in Ascher's murder, and caused Crabtree to sign it.

> **ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 48 of Plaintiff's Second Amended Complaint.

49. All told, the Defendant Officers interrogated Crabtree for more than ten hours.

> **ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 49 of Plaintiff's Second Amended Complaint.

50. The Defendant Officers knew the statement they obtained from Crabtree was false. Her false statement was used to initiate criminal charges against Plaintiff and secure his indictment.

> **ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 50 of Plaintiff's Second Amended Complaint.

51. On August 6, 1993, Crabtree signed an affidavit recanting her statement. The affidavit

explained that she had been interrogated for more than 10 hours, and was pregnant, tired, sick, and emotionally weak at the time. Crabtree explained that she adopted the detectives' false story when she claimed Plaintiff was involved in Ascher's murder because she was intimidated and coerced.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 51 of Plaintiff's Second Amended Complaint.

### Defendants Fabricate Forensic Evidence to Implicate Plaintiff

52. Following Crabtree's interrogation, the RCPD submitted the Taurus handgun to the ISP crime lab for testing.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 52 of Plaintiff's Second Amended Complaint.

53. The Defendant Forensic Scientists compared bullets and cartridge casings fired from the Taurus to bullets and casings located at the crime scene and on the victim. The tests did not establish that the Taurus was the gun used to kill Andrew Ascher.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 53 of Plaintiff's Second Amended Complaint.

54. Nevertheless, the Defendant Forensic Scientists fabricated a report stating the science showed with certainty that the Taurus was used in the murder.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 54 of Plaintiff's Second Amended Complaint.

55. This fabricated evidence "conclusively" linking the gun supposedly seized from Plaintiff's apartment to the murder was the cornerstone of the prosecution's case. Working in concert with the Defendant Officers who had investigated the case, the Defendants fabricated this key "link" between Plaintiff and the crime, and withheld evidence of this fabrication from the prosecution and defense.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 55 of Plaintiff's Second Amended Complaint.

### Defendants Use Fabricated Evidence to Charge and Prosecute Plaintiff

56. In fabricating the link between the Taurus and Ascher's murder, Defendants entered

into evidence a gun they knew was not the murder weapon and falsely indicated that it was the murder weapon.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 56 of Plaintiff's Second Amended Complaint.

57. The Defendants never disclosed this shocking fabrication to either the prosecution or to Plaintiff prior to his conviction.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 57 of Plaintiff's Second Amended Complaint.

58. When they fabricated the case against Plaintiff, the Defendants Officers knew Plaintiff did not commit the murder.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 58 of Plaintiff's Second Amended Complaint.

59. Indeed, Plaintiff did not match the description provided by David Bodell of the man he saw flee the scene. Nor did the combat boots seized from Plaintiff's apartment match the footprint in the snow near the dumpster where Bodell saw a man crouching immediately after the murder. In addition, the ISP crime lab found no blood on the clothing Defendants seized from Plaintiff's home. Nor did the sweatshirt Defendants seized—a pullover—match the description George provided of her attacker's zip-up sweatshirt.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 59 of Plaintiff's Second Amended Complaint.

60. One of the Defendant Officers spoke to the victim's mother, Lois Ascher, after Plaintiff's arrest for her son's death. Mrs. Ascher asked whether the police were sure Plaintiff committed the crime, and the Defendant Officer responded: "Well we have somebody anyway."

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 60 of Plaintiff's Second Amended Complaint.

**Plaintiff's Trial, Wrongful Conviction, and Imprisonment**

61. In April 1994, the charges against Plaintiff were tried before a jury in Winnebago County, Illinois.

**ANSWER**:    The Defendants admit the allegations contained in Paragraph 61 of Plaintiff's Second Amended Complaint.

62.    The jury found Plaintiff guilty of first degree murder, and he was sentenced to natural life without parole.

**ANSWER**:    The Defendants admit the allegations contained in Paragraph 62 of Plaintiff's Second Amended Complaint.

63.    For the next twenty-three years, Plaintiff was incarcerated in Illinois prisons.

**ANSWER**:  The Defendants admit the allegations contained in Paragraph 63 of Plaintiff's Second Amended Complaint in that as a result of his conviction the Plaintiff was incarcerated for approximately 23 years.

<strong>Plaintiff's Exoneration</strong>

64.    Beginning with his first police interview on June 16, 1993, Plaintiff has steadfastly maintained his innocence. Plaintiff unsuccessfully appealed his conviction, petitioned the Illinois Supreme Court for leave to appeal, filed a state post-conviction petition, and appealed again. Thereafter, he filed a federal petition for a writ of habeas corpus. All were unsuccessful.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 64 of Plaintiff's Second Amended Complaint.

65.    Beginning in early 2000, Plaintiff began filing motions asking the trial court to order ballistics testing on the casings and bullets found at the crime scene and on the victim, and the Taurus handgun entered in evidence at trial. Though Plaintiff's motions were all denied, in January 2011, the Illinois Appellate Court reversed the trial court's decision and ordered ballistics testing.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 65 of Plaintiff's Second Amended Complaint, but rely upon the public record with regard to the procedural and substantive history in Case 1993 CF 1174.

66.    In late 2011, the ISP crime lab entered the casings and the Taurus into the Integrated Ballistics Identification System ("IBIS"), an automated ballistics imaging and analysis system run by the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives, and used to track guns involved in crimes. The IBIS search did not match the casings from the Ascher murder to the Taurus handgun.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot

readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 66 of Plaintiff's Second Amended Complaint.

67.     Thereafter, an independent forensic scientist performed ballistic testing on the Taurus and the bullets and casings from the Ascher murder. In 2012, the forensic scientist issued a report concluding that neither the bullets nor the casings recovered from the crime scene and the victim matched the Taurus handgun used to convict Plaintiff.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 67 of Plaintiff's Second Amended Complaint.

68.     On March 3, 2017, the Illinois court granted Plaintiff's motion for a new trial based on the new ballistics evidence.

**ANSWER**:  The Defendants admit the allegations of Paragraph 68 of Plaintiff's Second Amended Complaint.

69.     Plaintiff was released from prison on April 13, 2017, after twenty-three years.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 69 of Plaintiff's Second Amended Complaint and would rely upon the public record.

70.     The State tried Plaintiff a second time for the murder of Andrew Ascher beginning on January 10, 2019. Following a two-day bench trial, on January 15, 2019, the court entered a judgment acquitting Plaintiff of all charges.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 70 of Plaintiff's Second Amended Complaint and would rely upon the public record.

### Plaintiff's Damages

71.     Plaintiff has suffered tremendous damage as a result of Defendants' misconduct.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 71 of Plaintiff's Second Amended Complaint.

72.     Most notably, he has been forced to endure longstanding and significant emotional pain as a result of the false case against him. Plaintiff was separated from his family for twenty-three years, during which he was denied the various pleasures of human experience, from the most mundane to

the most important. Plaintiff missed countless holidays, birthdays, and "firsts" in his children's lives. He lost the opportunity to mourn with family at funerals and celebrate new life with friends and family. He was deprived of all of the basic pleasures of human experience, which all free people enjoy as a matter of right, including the freedom to live one's life as an autonomous human being.

> **ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 72 of Plaintiff's Second Amended Complaint.

73.     In addition, he has endured many physical struggles as a result of his long confinement in Illinois' dangerous prisons.

> **ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 73 of Plaintiff's Second Amended Complaint.

74.     Plaintiff returned home to relationships changed or lost by decades away. He is now attempting to make up for lost time in his personal and professional life and is working to manage the staggering transition from life in prison to life in free society.

> **ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 74 of Plaintiff's Second Amended Complaint.

### Rockford's Policies and Widespread Practices

75.     The constitutional violations Plaintiff suffered are not isolated events. Rather, they were a result of the RCPD's policies and widespread practices of:

a.      Pursuing convictions without regard to the truth;

b.      Failing to adequately train and supervise its police officers or other employees on their obligations to disclose exculpatory and impeachment evidence, and not to fabricate evidence;

c.      Failing to discipline officers and other employees who withhold exculpatory or impeachment evidence, or who fabricate evidence; and

d.      Failing to intervene to prevent individual officers and other employees from violating citizens' constitutional rights.

> **ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 75 of Plaintiff's Second Amended Complaint.

76.     In accordance with these policies and widespread practices, RCPD officers refused to

report misconduct committed by their colleagues, including the misconduct at issue in this case.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 76 of Plaintiff's Second Amended Complaint.

77.     This longstanding failure to train, supervise, and discipline officers and employees effectively condones, ratifies, and sanctions the kind of misconduct that the Defendant Officers committed against Plaintiff in this case. The City's practices and policies encouraged and facilitated constitutional violations like those that occurred in this case.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 77 of Plaintiff's Second Amended Complaint.

78.     The City of Rockford, including policymakers of the RCPD, failed to act to remedy the abuses described in the preceding paragraphs, despite actual knowledge of the pattern of misconduct. They thereby perpetuated the unlawful practices and ensured that no action would be taken (independent of the judicial process) to remedy Plaintiff's ongoing injuries.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 78 of Plaintiff's Second Amended Complaint.

79.     City of Rockford policymakers condoned the policies and practices described above and were deliberately indifferent to the violations of constitutional rights described herein.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 79 of Plaintiff's Second Amended Complaint.

## COUNT I
## 42 U.S.C. § 1983 – Violation of Fourteenth Amendment Due Process Rights

80.     Plaintiff incorporates each paragraph of this pleading as if restated fully here.

**ANSWER**: The Defendants incorporate their answers to Paragraphs 1-79 as their answer to Paragraph 80 of Plaintiff's Second Amended Complaint.

81.     As described in detail above, the Defendant Officers and Defendant Forensic Scientists, while acting individually, jointly, and/or in conspiracy with each other, deprived Plaintiff of his constitutional right to a fair trial by withholding and suppressing exculpatory and impeachment evidence and by fabricating evidence against Plaintiff.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot

readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 81 of Plaintiff's Second Amended Complaint.

82.     In the manner described more fully above, the Defendant Officers and Defendant Forensic Scientists deliberately withheld exculpatory and impeachment evidence from Plaintiff and from the prosecution, among others, thereby misleading and misdirecting the criminal prosecution of Plaintiff.

> **ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 82 of Plaintiff's Second Amended Complaint.

83.     In addition, in the manner described more fully above, the Defendant Officers and Defendant Forensic Scientists knowingly fabricated and solicited false evidence implicating Plaintiff in the crime, and pursued and obtained Plaintiff's conviction using that false evidence.

> **ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 83 of Plaintiff's Second Amended Complaint.

84.     The Defendant Officers' and Defendant Forensic Scientists' misconduct denied Plaintiff his constitutional right to a fair trial and directly resulted in his unjust criminal conviction. Absent this misconduct, Plaintiff's prosecution could not and would not have been pursued.

> **ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 84 of Plaintiff's Second Amended Complaint.

85.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others, and in total disregard of the truth and Plaintiff's clear innocence.

> **ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 85 of Plaintiff's Second Amended Complaint.

86.     As a result of the Defendant Officers' and Defendant Forensic Scientists' misconduct described in this Count, Plaintiff suffered damages as set forth above.

> **ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 86 of Plaintiff's Second Amended Complaint.

87.     The misconduct described in this Count was also undertaken pursuant to the policies

and practices of the RCPD described above.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 87 of Plaintiff's Second Amended Complaint.

88.    In this way, the City of Rockford also violated Plaintiff's rights through the actions of its agents by maintaining policies and practices that were a moving force driving the foregoing constitutional violations.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 88 of Plaintiff's Second Amended Complaint.

## COUNT II
### 42 U.S.C. § 1983 – Unlawful Detention in Violation of the Fourth Amendment

89.    Plaintiff incorporates each paragraph of this pleading as if fully restated here.

**ANSWER**: The Defendants incorporate their answers to Paragraphs 1- 88 as their answer to Paragraph 89 of Plaintiff's Second Amended Complaint.

90.    In the manner described more fully above, the Defendant Officers and Defendant Forensic Scientists caused Plaintiff to be detained and imprisoned without probable cause.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 90 of Plaintiff's Second Amended Complaint.

91.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, and/or with reckless indifference to the rights of others.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 91 of Plaintiff's Second Amended Complaint.

92.    As a result of the Defendant Officers' and Defendant Forensic Scientists' misconduct described in this Count, Plaintiff suffered damages as set forth above.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 92 of Plaintiff's Second Amended Complaint.

## COUNT III
### 42 .S.C. § 1983 – Conspiracy to Deprive of Constitutional Rights

93.    Plaintiff incorporates each paragraph of this pleading as if fully restated here.

**ANSWER**: The Defendants incorporate their answers to Paragraphs 1-92 as their answer to Paragraph 93 of Plaintiff's Second Amended Complaint.

94.     Each of the Defendant Officers and Defendant Forensic Scientists, acting in concert with one or more co-conspirators, reached an agreement to deprive Plaintiff of his constitutional rights, as described in the various paragraphs of this pleading.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 94 of Plaintiff's Second Amended Complaint.

95.     In so doing, these co-conspirators conspired to accomplish an unlawful purpose or accomplish a lawful purpose by unlawful means. In addition, these co-conspirators agreed among themselves to protect each other from liability for depriving Plaintiff of these rights.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 95 of Plaintiff's Second Amended Complaint.

96.     In furtherance of their conspiracy, each of these co-conspirators committed an overt act, and was otherwise a willful participant in joint activity.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 96 of Plaintiff's Second Amended Complaint.

97.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's constitutional rights and in total disregard of the truth and Plaintiff's innocence.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 97 of Plaintiff's Second Amended Complaint.

98.     As a result of the Defendant Officers' and Defendant Forensic Scientists' misconduct described in this Count, Plaintiff suffered damages as set forth above.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 98 of Plaintiff's Second Amended Complaint.

99.     The misconduct described in this Count was also undertaken pursuant to the policies and practices of the RCPD in the manner described more fully above. In this way, the City of Rockford also violated Plaintiff's rights through the actions of its agents by maintaining policies and practices

that were a moving force driving the foregoing constitutional violations.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 99 of Plaintiff's Second Amended Complaint.

## COUNT IV
## 42 U.S.C. § 1983 – Failure to Intervene

100.     Plaintiff incorporates each paragraph of this pleading as if fully restated here.

**ANSWER**: The Defendants incorporate their answers to Paragraphs 1-99 as their answer to Paragraph 100 of Plaintiff's Second Amended Complaint.

101.     In the manner described above, during the constitutional violations described herein, one or more of the Defendant Officers and Defendant Forensic Scientists stood by without intervening to prevent the violation of Plaintiff's constitutional rights, even though they had the opportunity to do so.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 101 of Plaintiff's Second Amended Complaint.

102.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's constitutional rights.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 102 of Plaintiff's Second Amended Complaint.

103.     The misconduct described in this Count was undertaken pursuant to the custom, policy, and/or practice of Defendant City of Rockford, as described above, such that Defendant City of Rockford is also liable.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 103 of Plaintiff's Second Amended Complaint.

104.     As a result of Defendant Officers' and the Defendant Forensic Scientists' misconduct described in this Count, undertaken pursuant to the City's policy and practice as described above, Plaintiff suffered damages as set forth above.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth

or falsity of the allegations of Paragraph 104 of Plaintiff's Second Amended Complaint.

## COUNT V
### State Law Claim – Malicious Prosecution

105.    Plaintiff incorporates each paragraph of this pleading as if fully restated here.

**ANSWER**: The Defendants incorporate their answers to Paragraphs 1-104 as their answer to Paragraph 105 of Plaintiff's Second Amended Complaint.

106.    In the manner described more fully above, the Defendant Officers and Defendant Forensic Scientists, individually, jointly, and/or in conspiracy with each other, pursuant to City policies and widespread practices, accused Plaintiff of criminal activity and exerted influence to initiate and to continue and perpetuate judicial proceedings against Plaintiff without any probable cause.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 106 of Plaintiff's Second Amended Complaint.

107.    In so doing, Defendants caused Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 107 of Plaintiff's Second Amended Complaint.

108.    All such proceedings were ultimately terminated in Plaintiff's favor in a manner indicative of his innocence.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 108 of Plaintiff's Second Amended Complaint.

109.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others, and in total disregard of the truth and Plaintiff's clear innocence.

**ANSWER**:  The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 109 of Plaintiff's Second Amended Complaint.

110.    As a result of Defendants' misconduct described in this Count, Plaintiff suffered damages as set forth above.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 110 of Plaintiff's Second Amended Complaint.

111.     The Defendant Officers' and Defendant Forensic Scientists' misconduct described in this Count was undertaken within the scope of their employment such that their employer, the RCPD, is liable for their actions.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 111 of Plaintiff's Second Amended Complaint.

**Count VI**
**State Law Claim – Intentional Infliction of Emotional Distress**

112.     Plaintiff incorporates each paragraph of this pleading as if fully restated here.

**ANSWER**: The Defendants incorporate their answers to Paragraphs 1-111 as their answer to Paragraph 112 of Plaintiff's Second Amended Complaint.

113.     The actions, omissions, and conduct of the Defendant Officers and Defendant Forensic Examiners as set forth above, were extreme and outrageous.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 113 of Plaintiff's Second Amended Complaint.

114.     The Defendant Officers' and Defendant Forensic Scientists' actions set forth above were rooted in an abuse of power or authority.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 114 of Plaintiff's Second Amended Complaint.

115.     The Defendant Officers' and Defendant Forensic Scientists' actions set forth above were undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 115 of Plaintiff's Second Amended Complaint.

116.     The Defendant Officers' and Defendant Forensic Scientists' actions set forth above were undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot

readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 116 of Plaintiff's Second Amended Complaint.

117. As a direct and proximate result of the misconduct described in this Count, Plaintiff suffered injuries, including severe emotional distress and ongoing pain.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 117 of Plaintiff's Second Amended Complaint.

118. The Defendant Officers' misconduct described in this Count was undertaken within the scope of their employment such that their employer, the RCPD, is liable for their actions.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 118 of Plaintiff's Second Amended Complaint.

**COUNT VII**
**State Law Claim – Civil Conspiracy**

119. Plaintiff incorporates each paragraph of this pleading as if fully restated here.

**ANSWER**: The Defendants incorporate their answers to Paragraphs 1-118 as their answer to Paragraph 119 of Plaintiff's Second Amended Complaint.

120. As described more fully in the preceding paragraphs, the Defendant Officers and Defendant Forensic Scientists reached an agreement among themselves to frame Plaintiff for a crime he did not commit and conspired by concerted action to accomplish an unlawful purpose or achieve a lawful purpose by unlawful means. In addition, these co-conspirators agreed among themselves to protect each other from liability for depriving Plaintiff of these rights.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 120 of Plaintiff's Second Amended Complaint.

121. In furtherance of their conspiracy, each of these co-conspirators committed overt acts and were otherwise willful participants in joint activity.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 121 of Plaintiff's Second Amended Complaint.

122. In furtherance of the conspiracy, one or more of the co-conspirators committed an overt act, and each was a willful participant in joint activity.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth

or falsity of the allegations of Paragraph 122 of Plaintiff's Second Amended Complaint.

123. The Defendant Officers' and Defendant Forensic Scientists' actions described in this Count were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 123 of Plaintiff's Second Amended Complaint.

124. As a result of the Defendant Officers' and Defendant Forensic Scientists' misconduct described in this Count, Plaintiff suffered damages as set forth above.

**ANSWER**: The Defendants are without sufficient information or knowledge, and cannot readily obtain said information or knowledge, to form a belief and answer regarding the truth or falsity of the allegations of Paragraph 124 of Plaintiff's Second Amended Complaint.

## COUNT VIII
### State Law Claim – *Respondeat Superior*

125. Plaintiff incorporates each paragraph of this pleading as if fully restated here.

**ANSWER**: The Defendants incorporate their answers to Paragraphs 1-124 as their answer to Paragraph 125 of Plaintiff's Second Amended Complaint.

126. While committing misconduct alleged in the preceding paragraphs, the Defendant Officers were employees, members, and agents of the City of Rockford acting at all relevant times within the scope of their employment.

**ANSWER**: The Defendants make no answer as to the allegations of Paragraph 126 of Plaintiff's Second Amended Complaint as the allegations are not directed at these Defendants but the City Administrator for the City of Rockford, as Special Representative for the Estates of Howard Forrester, David Reffett and Gary Ekedahl and admit that at all relevant times Howard Forrester, David Reffett and Gary Ekedahl were acting within the scope of their employment.

127. Defendant City of Rockford is liable as principal for all state law torts committed by its agents.

**ANSWER**: The Defendants make no answer as to the allegations of Paragraph 127 of Plaintiff's Second Amended Complaint as the allegations are not directed at these Defendants.

## COUNT IX
### State Law Claim – Indemnification Pursuant to 745 ILCS 10/9-102

128. Plaintiff incorporates each paragraph of this pleading as if fully restated here.

**ANSWER**: The Defendants incorporate their answers to Paragraphs 1-127 as their answer to Paragraph 128 of Plaintiff's Second Amended Complaint.

129.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER**:  The Defendants make no answer as to the allegations of Paragraph 129 of Plaintiff's Second Amended Complaint as the allegations are not directed at these Defendants but the City Administrator for the City of Rockford, as Special Representative for the Estates of Howard Forrester, David Reffett and Gary Ekedahl and admit that at all relevant times Howard Forrester, David Reffett and Gary Ekedahl were acting within the scope of their employment.

130.     The Defendant Officers are or were employees, members, and agents of the City Rockford and the ISP who acted within the scope of their employment in committing the misconduct described herein.

**ANSWER**:  The Defendants make no answer as to the allegations of Paragraph 130 of Plaintiff's Second Amended Complaint as the allegations are not directed at these Defendants.

131.     The City of Rockford is responsible to pay any judgment entered against the Defendant Officers. Plaintiff therefore demands judgment against Defendant City of Rockford in the amount awarded to Plaintiff against each of the individual Defendants as damages, attorneys' fees, costs, and interest.

**ANSWER**:  The Defendants make no answer as to the allegations of Paragraph 131 of Plaintiff's Second Amended Complaint as the allegations are not directed at these Defendants.

WHEREFORE, the Defendants, CITY ADMINISTRATOR FOR THE CITY OF ROCKFORD, AS SPECIAL REPRESENTATIVE FOR THE ESTATE OF HOWARD FORRESTER, CITY ADMINISTRATOR FOR THE CITY OF ROCKFORD, AS SPECIAL REPRESENTATIVE FOR THE ESTATE OF GARY REFFETT AND CITY ADMINISTRATOR FOR THE CITY OF ROCKFORD, AS SPECIAL REPRESENTATIVE FOR THE ESTATE OF DAVID EKEDAHL, pray that this Court dismiss Plaintiff's Second Amended Complaint, with costs and expenses being assessed to Plaintiff and that the Court grant such other and further relief as it deems reasonable and just.

## AFFIRMATIVE DEFENSES

Defendants, CITY ADMINISTRATOR FOR THE CITY OF ROCKFORD, AS SPECIAL REPRESENTATIVE FOR THE ESTATE OF HOWARD FORRESTER, CITY ADMINISTRATOR FOR THE CITY OF ROCKFORD, AS SPECIAL REPRESENTATIVE FOR THE ESTATE OF GARY REFFETT AND CITY ADMINISTRATOR FOR THE CITY OF ROCKFORD, AS SPECIAL REPRESENTATIVE FOR THE DAVID EKEDAHL, by and through their attorneys, BARRICK,

SWITZER, LONG, BALSLEY & VAN EVERA, LLP and for their affirmative defenses to Plaintiff's Second Amended Complaint respectfully states as follows:

## FIRST AFFIRMATIVE DEFENSE - QUALIFIED IMMUNITY

The actions of Howard Forrester, Gary Ekedahl and David Reffett were undertaken in their capacity as police officers and were further subjectively objectively reasonable based upon the totality of the circumstances.

## SECOND AFFIRMATIVE DEFNESE – IMMUNITY PURSUANT TO THE ILLINOIS TORT IMMUNITY ACT

The actions of Howard Forrester, Gary Ekedahl and David Reffett were undertaken in their capacity as police officers and further fall within the protections afforded by qualified immunity and statutory immunity under the Illinois Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/-101, et seq.

## THIRD AFFIRMATIVE DEFENSE – PUBLIC OFFICIAL IMMUNITY

The actions of Howard Forrester, Gary Ekedahl and David Reffett were undertaken in their capacity as police officers and further fall within the protection afforded by qualified immunity inasmuch as all of their actions were undertaken as police officers investigating a criminal offense.

## FOURTH AFFIRMATIVE DEFENSE – COLLATERAL ESTOPPEL AND *RES JUDICATA*

1.      As the basis of his claims, the Plaintiff alleges that coerced and/or fabricated inculpatory evidence were introduced at his jury trial, and such introduction and suppression, resulted in his wrongful conviction.

2.      By filing this claim in federal court, Plaintiff attempts to re-litigate issues relating to the alleged introduction of alleged coerced and/or fabricated inculpatory evidence and suppression of exculpatory evidence at his criminal trial, for which the Second District Appellate Court has affirmed the trial court's findings during Plaintiff's post-conviction petitions.

3.      Pursuant *to Migra v. Warren City School District Bd. Of Ed.*, 465 U.S. 75 (1984) and *Wozniak v. DuPage County*, 845 F.2d 677, 680 (7th Cir. 1988), the rulings on Plaintiff's post-conviction petitions should be given the same preclusive effect they would be given in state court. Therefore, Plaintiff is precluded from re-litigating those claims before this Court and is bound by the state court decision under collateral estoppel and *res judicata*.

## FIFTH AFFIRMATIVE DEFENSE – COMPARATIVE FAULT

To the extend any injuries or damages claimed by the Plaintiff were appropriately cause, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of the Plaintiff as reflected in public record including, but not limited to, police reports, any verdict, or judgment obtained by Plaintiff must be reduced by an amount commensurate with the degree of fault attributed

to the Plaintiff by the jury in this case.

## SIXTH AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE DAMAGES

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtain by Plaintiff must be reduced by application of the principal that a Plaintiff must mitigate his damages.

## SEVENTH AFFIRMATIVE DEFENSE – PROBABLE CAUSE

The actions of Howard Forrester, Gary Ekedahl and David Reffett were undertaken in their capacity as police officers and further fall within the protections afforded by qualified immunity inasmuch as all of his actions were undertaken with the reasonable belief that the Plaintiff had committed a criminal offense.

## EIGHTH AFFIRMATIVE DEFENSE – ABSOLUTE TESTIMONIAL IMMUNITY

Howard Forrester is entitled to absolute immunity for testifying in court proceedings, including proceedings related to Ascher murder.  *See, e.g., Briscoe v. LaHue, 460 U.S. 325 (1983).*

## NINTH AFFIRMATIVE DEFENSE – INTEVENING/SUPERSEDING CAUSE

The causal chain between any of Howard Forrester, Gary Ekedahl and David Reffett's actions and Plaintiff's conviction and/or imprisonment was broken by one or more intervening/superseding exercise(s) of independent judgment by another including, but not limited to, Plaintiff, prosecutors, Illinois State Police personnel, witnesses, judges and jurors.

## TENTH AFFIRMATIVE DEFENSE – 42 U.S.C. § 1983VIOLATION OF FOURTEENTH AMENDMENT DUE PROCESS RIGHTS

In Count I, Plaintiff alleges a claim under 42 § U.S.C 1983 for Violation of Fourteenth Amendment Due Process Rights.  The Plaintiff's conviction was vacated on March 3, 2017.  There exists a two year statute of limitations for a cause of action based upon Violation of Fourteenth Amendment Due Process Rights.  Thus, the Plaintiff had until two years after his conviction was vacated to bring this claim. The City Administrator for the City of Rockford, As Special Representative for the Estate of Howard Forrester, the City Administrator for the City of Rockford, As Special Representative for the Estate of Gary Reffett and the City Administrator for the City of Rockford, As Special Representative for the Estate of David Reffett were not made party defendants until the filing of the Second Amended Complaint on June 25, 2019.  Accordingly, Count I is barred by the statute of limitations.  See 735 ILCS 5/13-202; *Wallace v. City of Chicago*, 440 F.3d 421 (7th Cir. 2006); *Rosado. v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016); *Brooks v. City of Chicago*, 664 F.3d 830, 832 (7th Cir. 2009).

**ELEVENTH AFFIRMATIVE DEFENSE – 42 U.S.C. § 1983- UNLAWFUL DETENTION IN VIOLATION OF THE FOURTH AMENDMENT**

In Count II, Plaintiff alleges a claim under 42 U.S.C § 1983 for Unlawful Detention in Violation of Fourth Amendment.  The Plaintiff's conviction was vacated on March 3, 2017.  There exists a two year statute of limitations for a cause of action based upon Unlawful Detention in Violation of the Fourth Amendment.  Thus, the Plaintiff had until two years after his conviction was vacated to bring this claim. The City Administrator for the City of Rockford, As Special Representative for the Estate of Howard Forrester, the City Administrator for the City of Rockford, As Special Representative for the Estate of Gary Reffett and the City Administrator for the City of Rockford, As Special Representative for the Estate of David Reffett were not made party defendants until the filing of the Second Amended Complaint on June 25, 2019.  Accordingly, Count II is barred by the statute of limitations.  See 735 ILCS 5/13-202; *Wallace v. City of Chicago*, 440 F.3d 421 (7th Cir. 2006); *Rosado. v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016); *Brooks v. City of Chicago*, 664 F.3d 830, 832 (7th Cir. 2009).

**TWELFTH AFFIRMATIVE DEFENSE - 42 U.S.C. § 1983 – CONSPIRACY TO DEPRIVE OF CONSTITUTIONAL RIGHTS**

In Count III, Plaintiff alleges a claim under 42 U.S.C § 1983 for Conspiracy to Deprive of Constitutional Rights.  The Plaintiff's conviction was vacated on March 3, 2017.  There exists a two year statute of limitations for a cause of action based upon Conspiracy to Deprive of Constitutional Rights.  Thus, the Plaintiff had until two years after his conviction was vacated to bring this claim. The City Administrator for the City of Rockford, As Special Representative for the Estate of Howard Forrester, the City Administrator for the City of Rockford, As Special Representative for the Estate of Gary Reffett and the City Administrator for the City of Rockford, As Special Representative for the Estate of David Reffett were not made party defendants until the filing of the Second Amended Complaint on June 25, 2019.  Accordingly, Count III is barred by the statute of limitations.  See 735 ILCS 5/13-202; *Wallace v. City of Chicago*, 440 F.3d 421 (7th Cir. 2006); *Rosado. v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016); *Brooks v. City of Chicago*, 664 F.3d 830, 832 (7th Cir. 2009).

**THIRTEENTH AFFIRMATIVE DEFENSE - 42 U.S.C. § 1983 – FAILURE TO INTEVENE**

In Count IV, Plaintiff alleges a claim under 42 U.S.C § 1983 for Failure to Intervene.  The Plaintiff's conviction was vacated on March 3, 2017.  There exists a two year statute of limitations for a cause of action based upon Failure to Intervene.  Thus, the Plaintiff had until two years after his conviction was vacated to bring this claim. The City Administrator for the City of Rockford, As Special Representative for the Estate of Howard Forrester, the City Administrator for the City of Rockford, As Special Representative for the Estate of Gary Reffett and the City Administrator for the City of

Rockford, As Special Representative for the Estate of David Reffett were not made party defendants until the filing of the Second Amended Complaint on June 25, 2019. Accordingly, Count IV is barred by the statute of limitations. See 735 ILCS 5/13-202; *Wallace v. City of Chicago*, 440 F.3d 421 (7th Cir. 2006); *Rosado. v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016); *Brooks v. City of Chicago*, 664 F.3d 830, 832 (7th Cir. 2009).

**FOURTEENTH AFFIRMATIVE DEFENSE – STATE LAW – MALICIOUS PROSECUTION**

In Count V, Plaintiff alleges state law - Malicious Prosecution. The Plaintiff's conviction was vacated on March 3, 2017. There exists a two year statute of limitations for a cause of action based upon Malicious Prosecution. Thus, the Plaintiff had until two years after his conviction was vacated to bring this claim. The City Administrator for the City of Rockford, As Special Representative for the Estate of Howard Forrester, the City Administrator for the City of Rockford, As Special Representative for the Estate of Gary Reffett and the City Administrator for the City of Rockford, As Special Representative for the Estate of David Reffett were not made party defendants until the filing of the Second Amended Complaint on June 25, 2019. Accordingly, Count V is barred by the statute of limitations. See 735 ILCS 5/13-202; *Wallace v. City of Chicago*, 440 F.3d 421 (7th Cir. 2006); *Rosado. v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016); *Brooks v. City of Chicago*, 664 F.3d 830, 832 (7th Cir. 2009).

**FIFTEENTH AFFIRMATIVE DEFENSE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

In Count VI, Plaintiff alleges Intentional Infliction of Emotional Distress. The Plaintiff's conviction was vacated on March 3, 2017. There exists a two year statute of limitations for a cause of action based upon Intentional Infliction of Emotional Distress. Thus, the Plaintiff had until two years after his conviction was vacated to bring this claim. The City Administrator for the City of Rockford, As Special Representative for the Estate of Howard Forrester, the City Administrator for the City of Rockford, As Special Representative for the Estate of Gary Reffett and the City Administrator for the City of Rockford, As Special Representative for the Estate of David Reffett were not made party defendants until the filing of the Second Amended Complaint on June 25, 2019. Accordingly, Count VI is barred by the statute of limitations. See 735 ILCS 5/13-202; *Wallace v. City of Chicago*, 440 F.3d 421 (7th Cir. 2006); *Rosado. v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016); *Brooks v. City of Chicago*, 664 F.3d 830, 832 (7th Cir. 2009).

**SIXTEENTH AFFIRMATIVE DEFENSE – CIVIL CONSPIRACY**

In Count VII, Plaintiff alleges Civil Conspiracy. The Plaintiff's conviction was vacated on March 3, 2017. There exists a two year statute of limitations for a cause of action based upon Civil Conspiracy. Thus, the Plaintiff had until two years after his conviction was vacated to bring this claim.

The City Administrator for the City of Rockford, As Special Representative for the Estate of Howard Forrester, the City Administrator for the City of Rockford, As Special Representative for the Estate of Gary Reffett and the City Administrator for the City of Rockford, As Special Representative for the Estate of David Reffett were not made party defendants until the filing of the Second Amended Complaint on June 25, 2019. Accordingly, Count VII is barred by the statute of limitations. See 735 ILCS 5/13-202; *Wallace v. City of Chicago*, 440 F.3d 421 (7th Cir. 2006); *Rosado. v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016); *Brooks v. City of Chicago*, 664 F.3d 830, 832 (7th Cir. 2009).

**SEVENTEENTH AFFIRMATIVE DEFENSE – STATE LAW CLAIM – *RESPONDENT SUPERIOR***

In Count VIII, Plaintiff alleges state law claim, *Respondent Superior*. The Plaintiff's conviction was vacated on March 3, 2017. There exists a two year statute of limitations for a cause of action based upon *Respondent Superior*. Thus, the Plaintiff had until two years after his conviction was vacated to bring this claim. The City Administrator for the City of Rockford, As Special Representative for the Estate of Howard Forrester, the City Administrator for the City of Rockford, As Special Representative for the Estate of Gary Reffett and the City Administrator for the City of Rockford, As Special Representative for the Estate of David Reffett were not made party defendants until the filing of the Second Amended Complaint on June 25, 2019. Accordingly, Count VIII is barred by the statute of limitations. See 735 ILCS 5/13-202; *Wallace v. City of Chicago*, 440 F.3d 421 (7th Cir. 2006); *Rosado. v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016); *Brooks v. City of Chicago*, 664 F.3d 830, 832 (7th Cir. 2009).

**EIGHTEENTH AFFIRMATIVE DEFENSE – STATE LAW CLAIM – INDEMNIFICATION PURSUANT TO 745 ILCS 10/9-102**

In Count IX, Plaintiff alleges state law claim, Indemnification pursuant to 745 ILCS 10/9-102. The Plaintiff's conviction was vacated on March 3, 2017. There exists a two year statute of limitations for a cause of action based upon Indemnification pursuant to 745 ILCS 10/9-102. Thus, the Plaintiff had until two years after his conviction was vacated to bring this claim. The City Administrator for the City of Rockford, As Special Representative for the Estate of Howard Forrester, the City Administrator for the City of Rockford, As Special Representative for the Estate of Gary Reffett and the City Administrator for the City of Rockford, As Special Representative for the Estate of David Reffett were not made party defendants until the filing of the Second Amended Complaint on June 25, 2019. Accordingly, Count IX is barred by the statute of limitations. See 735 ILCS 5/13-202; *Wallace v. City of Chicago*, 440 F.3d 421 (7th Cir. 2006); *Rosado. v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016); *Brooks v. City of Chicago*, 664 F.3d 830, 832 (7th Cir. 2009).

WHEREFORE, the Defendants, CITY ADMINISTRATOR FOR THE CITY OF ROCKFORD, AS SPECIAL REPRESENTATIVE FOR THE ESTATE OF HOWARD FORRESTER, CITY ADMINISTRATOR FOR THE CITY OF ROCKFORD, AS SPECIAL REPRESENTATIVE FOR THE ESTATE OF GARY REFFETT AND CITY ADMINISTRATOR FOR THE CITY OF ROCKFORD, AS SPECIAL REPRESENTATIVE FOR THE ESTATE OF DAVID EKEDAHL, pray that this Court dismiss Plaintiff's Second Amended Complaint, with costs and expenses being assessed to Plaintiff and that the Court grant such other and further relief as it deems reasonable and just.

<strong>JURY DEMAND</strong>

Defendants, CITY ADMINISTRATOR FOR THE CITY OF ROCKFORD, AS SPECIAL REPRESENTATIVE FOR THE ESTATE OF HOWARD FORRESTER, CITY ADMINISTRATOR FOR THE CITY OF ROCKFORD, AS SPECIAL REPRESENTATIVE FOR THE ESTATE OF GARY REFFETT AND CITY ADMINISTRATOR FOR THE CITY OF ROCKFORD, AS SPECIAL REPRESENTATIVE FOR THE ESTATE OF DAVID EKEDAHL, hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

> CITY ADMINISTRATOR FOR THE CITY OF ROCKFORD, AS SPECIAL REPRESENTATIVE FOR THE ESTATE OF HOWARD FORRESTER, CITY ADMINISTRATOR FOR THE CITY OF ROCKFORD, AS SPECIAL REPRESENTATIVE FOR THE ESTATE OF GARY REFFETT AND CITY ADMINISTRATOR FOR THE CITY OF ROCKFORD, AS SPECIAL REPRESENTATIVE FOR THE ESTATE OF DAVID EKEDAHL, Defendants
>
> BY:    BARRICK, SWITZER, LONG, BALSLEY & VAN EVERA, LLP
>
> BY:    /s/ Robert C. Pottinger
>        ROBERT C. POTTINGER

Robert C. Pottinger – 6202815
**BARRICK, SWITZER, LONG**
  **BALSLEY & VAN EVERA, LLP**
6833 Stalter Drive
Rockford, IL 61108
815-962-6611
rcpottinger@bslbv.com
ekuelling@bslbv.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 30, 2019, I filed the foregoing document using the Court's

CM/ECF system, which effected service on all counsel of record.

/s/ Robert C. Pottinger
Attorney for Defendants, CITY
ADMINISTRATOR FOR THE CITY OF
ROCKFORD, AS SPECIAL
REPRESENTATIVE FOR THE ESTATE
OF HOWARD FORRESTER, CITY
ADMINISTRATOR FOR THE CITY OF
ROCKFORD, AS SPECIAL
REPRESENTATIVE FOR THE ESTATE
OF GARY REFFETT AND CITY
ADMINISTRATOR FOR THE CITY OF
ROCKFORD, AS SPECIAL
REPRESENTATIVE FOR THE ESTATE
OF DAVID EKEDAHL