# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PATRICK PURSLEY, | ) | |
| | ) | Case No. 3:18-cv-50040 |
| *Plaintiff*, | ) | |
| | ) | Hon. Philip G. Reinhard, |
| v. | ) | District Judge |
| | ) | |
| THE CITY OF ROCKFORD, et al., | ) | Hon. Lisa Jensen, |
| | ) | Magistrate Judge |
| *Defendants.* | ) | |

## PLAINTIFF'S UNOPPOSED MOTION FOR ORDER TO SHOW CAUSE WHY MARVIN WINDHAM SHOULD NOT BE HELD IN CONTEMPT

Plaintiff Patrick Pursley, by his undersigned attorneys, hereby moves this Court for an order directing Marvin Windham, who is under subpoena issued in this case, to appear immediately, or at such later time as the court may direct, and show cause why he should not be held in contempt of this Court for failing to appear at his deposition. In support of this motion, Plaintiff states as follows:

1. Patrick Pursley alleges that he was wrongfully convicted of murder. Third-party witness Marvin Windham gave important testimony in Mr. Pursley's underlying criminal case, and is a crucial third-party witness in this case. Plaintiff is seeking his deposition.

2. On September 20, 2019, Defendants served Windham with a deposition subpoena.

3. Because Plaintiff had not yet received relevant documents in discovery, including documents pertaining directly to Windham's bias and motives to testify falsely, Plaintiff moved to quash the deposition subpoena as premature and prejudicial to Plaintiff. *See* Dkt. No. 133. At the motion hearing and on the Court's suggestion, the parties stipulated to proceed with

Defendants' direct examination of Mr. Windham on October 15, 2019, and to allow Plaintiffs to conduct their cross-examination of Mr. Windham on December 5, 2019. *See* Dkt. No. 136.

4. Mr. Windham appeared for the first half of his deposition on October 15, 2019.

5. During the first half of his deposition on October 15, 2019, Magistrate Judge Johnston admonished Mr. Windham that he needed to return to the same location on December 5, 2019, at 1:30 to conclude his deposition. *See* Ex. A (Windham Dep. Tr.) at 51; Dkt. No. 137. Judge Johnson admonished Windham that "a subpoena is a court order requiring you to attend, so we don't want the marshals to chase you down, all right?" Ex. A at 51:8-10. Windham said that he understood. *Id.* at 51:12-14.

6. Windham did not appear for the second half of his December 5 deposition.

7. Windham did not challenge the subpoena, and he provided no excuse or explanation for his nonattendance.

8. All the parties and the court reporter were ready to proceed with the second half of Windham's deposition on December 5, 2019.

9. On information and belief, and according to publicly available records from the Winnebago County Clerk of Court, Windham had a scheduled court appearance on November 4, 2019 in a pending criminal matter (unrelated to the Pursley case) and did not appear for that court appearance either.

10. As it stands, Defendants have completed their direct examination of Windham and Plaintiff has not yet begun his examination of Windham. Defendants may also have additional questions on redirect.

11. This Court has broad discretion in managing discovery, and the district court may fashion a ruling appropriate for the circumstances of the case. *Morningware, Inc. v. Hearthware*

*Home Prods., Inc*., No. 09 CV 4348, 2011 WL 6753994, *2 (N.D. Ill. Dec. 22, 2011) (citing *Gile v. United Air Lines*, Inc., 95 F.3d 492, 496 (7th Cir. 1996); *Peals v. Terre Haute Police Dep't*, 535 F. 3d 621, 629 (7th Cir. 2008)).

12. Under Rule 45(g), this Court may "hold in contempt a person, who having been served, fails without adequate excuse to obey the subpoena or an order related to it." FED. R. CIV. P. 45(g); *see also Palmer v. City of Decatur, et al.,* No. 17-cv-3268-CSB-EIL (C.D. Ill. March 7, 2019) (granting Plaintiff's motion for order to show cause when third-party witness failed to appear at deposition).

13. Thus, given this Court's admonition about the deposition and Windham's verbal assent but failure to attend the deposition, Windham should be required to show this Court why he should not be held in contempt for failure to attend the deposition.

14. Defendants do not oppose this motion.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order directing Marvin Windham to appear before it immediately, or at such later time as the Court may direct, and show cause why the witness should not be held in contempt for failing to appear at his deposition.

Further, Plaintiff requests the Court direct the Clerk to provide the United States Marshal with a certified copy of this order, and issue an order directing the United States Marshal to serve such order on the Marvin Windham, and make due return.

RESPECTFULLY SUBMITTED,

**PATRICK PURSLEY**

BY: /s/ Rachel Brady
*One of Plaintiff's Attorneys*

Jon Loevy
Roshna Bala Keen
Alison R. Leff
Rachel Brady
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
(312) 243-5900
brady@loevy.com

Ashley Waddell Tingstad
Hooper Hathaway, P.C.
126 S. State St.
Ann Arbor, MI 48104
(734) 662-4426
atingstad@hooperhathaway.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, Rachel Brady, an attorney, certify that on December 10, 2019, I filed the foregoing Plaintiff's Unopposed Motion for Order to Show Cause Why Marvin Windham Should Not Be Held in Contempt using the Court's CM/ECF system, which will send an electronic notice of filing to all counsel of record via electronic mail.

/s/ Rachel Brady
*One of Plaintiff's Attorneys*
