**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| PATRICK PURSLEY, | ) | |
| | ) | Case No. 3:18-cv-50040 |
| *Plaintiff*, | ) | |
| | ) | Hon. Philip G. Reinhard, |
| v. | ) | District Judge |
| | ) | |
| THE CITY OF ROCKFORD, et al., | ) | Hon. Lisa Jensen, |
| | ) | Magistrate Judge |
| *Defendants.* | ) | |

**PLAINTIFF'S MOTION TO QUASH ISP DEFENDANTS'
SUBPOENA SEEKING PLAINTIFF'S RECORDED PHONE CALLS**

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.3.1
Eastern Division

Patrick Prince
                Plaintiff,

v.                                             Case No.: 1:18−cv−02952
                                              Honorable Martha M. Pacold

Kriston Kato, et al.
                Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, October 10, 2019:

       MINUTE entry before the Honorable Sunil R. Harjani: The Court has reviewed the briefing on Defendants' Motion to Compel Plaintiff to Produce Recorded Phone Calls [146]. The Court finds that the parties did not properly confer to resolve this dispute appropriately under Local Rule 37.2. Steps should have been taken by the parties to resolve parts of this dispute and explore grounds for resolution, before seeking court intervention. First, it is clear that the calls with Ozias Israel (at least 117 calls) are relevant because he is a witness in this case who has been deposed, and are proportional to the needs of the case as the burden is minimal and requires only making an electronic copy. Plaintiff is ordered to produce those phone calls. Second, there remains 141 calls that are to purportedly unidentified individuals. Unidentified by the IDOC, but to be clear, Plaintiff himself can easily identify them by their phone numbers or by the voice on the recording as he is the one that placed the phone call. The Court orders Plaintiff to identify the individuals on these 141 phone and produce a spreadsheet to Defendant. The identification of these individuals will help establish the purported relevancy basis for the production (or Plaintiff's objection), as to who these individuals are, and why they may have relevant information. Third, the Court does not know whether any of the family and friends on the other recordings are potential witnesses in the case, or have been deposed or will be deposed. Even in the case that Defendant relies upon, Coleman v. City of Peoria, 2016 WL 3974005 (C.D. Ill. 2016), the Court did not order the production of all recordings but only those related to identified witnesses in that case. The parties should discuss this matter first. Finally, Plaintiff should produce a privilege log of any alleged privilege conversations that Plaintiff had with attorneys and or psychotherapists. It is unclear from the briefing whether IDOC mistakenly recorded these phone calls, whether the IDOC takes action to not record attorney or psychotherapists calls, or whether the calls were intentionally recorded. The parties should also discuss this, as it will be determinative of whether the privilege was waived or not. All discussions by the parties on these matters should take place by phone or in person, and not through electronic mail. The parties are to complete all these tasks prior to the next status set for 11/19/19, and be prepared to discuss this matter then. Defendants' Motion to Compel [146] is granted in part, but denied without prejudice to re−raising the remaining issues at a later time to the extent the parties reach a legitimate impasse. Defendants#039; anticipated reply brief need not be filed at this time. Mailed notice(lxs, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.