**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| PATRICK PURSLEY, | ) | |
| | ) | Case No. 3:18-cv-50040 |
| *Plaintiff*, | ) | |
| | ) | Hon. Philip G. Reinhard, |
| v. | ) | District Judge |
| | ) | |
| THE CITY OF ROCKFORD, et al., | ) | Hon. Lisa Jensen, |
| | ) | Magistrate Judge |
| *Defendants*. | ) | |

**PLAINTIFF'S MOTION TO QUASH ISP DEFENDANTS'
SUBPOENA SEEKING PLAINTIFF'S RECORDED PHONE CALLS**

# EXHIBIT E



Rachel Brady &lt;brady@loevy.com&gt;

# Pursley v. City of Rockford - Notice of subpoena

**Rachel Brady** &lt;brady@loevy.com&gt;      Mon, Feb 3, 2020 at 7:35 AM
To: "Walsh, Erin" &lt;EWalsh@atg.state.il.us&gt;
Cc: "Kozar, Amanda" &lt;AKozar@atg.state.il.us&gt;, "Bhave, Sunil" &lt;SBhave@atg.state.il.us&gt;, Roshna Bala Keen &lt;roshna@loevy.com&gt;, Ashley Waddell Tingstad &lt;atingstad@hooperhathaway.com&gt;

Erin,

Thanks for discussing this with me on Friday and for agreeing to hold off listening to the recorded calls until we resolve this dispute. As we discussed, Plaintiff's position is that the subpoena seeks information that is privileged, invades his privacy and the privacy rights of the people he spoke to on the phone, and is overly broad under Rule 26, and that ISP Defendants have not met their burden of showing relevance.

Privilege
*Simon v. Northwestern*, No. 1:15-CV-1433, 2017 WL 66818, at *5 (N.D. Ill. Jan. 6, 2017) acknowledges that the Seventh Circuit has not decided whether attorney-client privilege applies to recorded prison phone calls, and suggests that attorney-client privilege does apply if there was some "impediment to [the prisoner's] access to unrecorded calls." Beyond that, the Seventh Circuit has held that the relevant inquiry for determining whether attorney-client communications are privileged turns on whether the client intended the communications to be confidential. *United States v. White*, 970 F.2d 328, 334 (7th Cir. 1992) (privilege attaches when client intends communications to be confidential). Mr. Pursley used the recorded line only when he needed to talk to his attorneys and was otherwise unable to access the unrecorded line, and intended these calls to be privileged. For these reasons, the Court in *Prince v. Kato* quashed a similar subpoena as to the inmate's recorded phone calls with his attorneys. (Attached.)

Privacy
This subpoena also infringes on Mr. Pursley's rights to privacy and the privacy rights of the people he talked to on the phone, and they did not waive this right to privacy merely by speaking on a recorded line. *United States v. Daniels*, 902 F.2d 1238, 1244-45 (7th Cir. 1990) (observing that a prison inmate's knowledge that his phone calls might be monitored does not amount to consent to having those calls recorded for all purposes); *Smith v. Maryland*, 442 U.S. 735, 749 (1979) (Marshall, J., dissenting) ("Privacy is not a discrete commodity, possessed absolutely or not at all. Those who disclose certain facts to a bank or phone company for a limited business purpose need not assume that this information will be released to other persons for other purposes.").

Overbreadth
This subpoena seeks over 3,000 recordings made over seven years without any limitation. Numerous courts in this district have narrowed similar subpoenas on the ground that they are overbroad. *Simon v. Northwestern Univ., et al.*, 2017 WL 66818 (N.D. Ill. Jan. 6, 2017); *Montanez v. Guevara*, No. 17-cv-4560, Dkt. 158 (narrowing subpoena for prison calls); *Maysonet v. Guevara*, No. 18-cv-2342, Dkt. 108 (narrowing subpoena for prison calls), *Prince v. Kato*, No. 18-cv-2952, Dkt. 156 (narrowing subpoena for prison calls). (Attached.)

Proposed Solution
The privilege, privacy, and relevance concerns here establish that ISP Defendants should withdraw this subpoena entirely. If ISP Defendants are unwilling to do so, Plaintiff proposes the solution adopted by a number of courts in this district when Defendants have issued similar overly broad subpoenas: Plaintiff will review the call logs provided by IDOC and identify the phone numbers. Once Plaintiff identifies the phone numbers on the call logs, ISP Defendants can identify which calls they believe are relevant, like calls to witnesses, if any. Numerous courts in this district have adopted this approach, and Plaintiff believes this is a reasonable solution that will balance all parties' interests and save unnecessary motion practice.

Please let us know your position.

Thanks,
Rachel

--
Rachel Brady
Loevy & Loevy

311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
312.243.5900
brady@loevy.com

[Quoted text hidden]

---

### 3 attachments


**Prince Order.pdf**
24K


**Maysonet Order.pdf**
22K


**Montanez Order.pdf**
90K



Rachel Brady &lt;brady@loevy.com&gt;

## Pursley v. City of Rockford - Notice of subpoena

**Walsh, Erin** &lt;EWalsh@atg.state.il.us&gt;     Mon, Feb 3, 2020 at 8:14 AM
To: Rachel Brady &lt;brady@loevy.com&gt;
Cc: "Kozar, Amanda" &lt;AKozar@atg.state.il.us&gt;, "Bhave, Sunil" &lt;SBhave@atg.state.il.us&gt;, Roshna Bala Keen &lt;roshna@loevy.com&gt;, Ashley Waddell Tingstad &lt;atingstad@hooperhathaway.com&gt;

Thanks Rachel. I'll take a look at your citations, though I note that Judge Weisman in *Simon* found recorded telephone calls with counsel and investigators would be both relevant and discoverable since attorney-client privilege had been waived. In addition, the Second and Eighth Circuits have found that the presence of a recording device amounts to the functional equivalent of the presence of a third party, and recorded prison phone calls are therefore not privileged. *See U.S. v. Meija*, 655 F.3d 126 (2d Cir. 2011); *see also U.S. v. Thompson*, 2007 WL 2700016, *2 (C.D. Ill. Aug. 9, 2007).

There is no reason for Plaintiff's counsel to review documents (or phone calls) responsive to a subpoena issued by defense counsel for documents in the possession of a third party. When a somewhat similar issue was litigated (in a case also involving your firm) and plaintiff's counsel attempted to withhold multiple documents that were responsive to a third party subpoena, defendant filed a motion to compel arguing that the defendant had the right to directly receive all documents in response to a subpoena to third parties and that any attorney-client privilege was waived when any potentially privileged document was disclosed to a third party. Our motion to compel those documents being withheld by plaintiff's counsel was granted (see attached).

[Quoted text hidden]

 **J.Ellis Ord. Granting MtC & Cost of Airline 1.18.19.pdf**
20K

Case: 3:18-cv-50040 Document #: 166-5 Filed: 02/07/20 Page 5 of 6 PageID #:1000



Rachel Brady <brady@loevy.com>

## Pursley v. City of Rockford - Notice of subpoena

**Rachel Brady** <brady@loevy.com>  Mon, Feb 3, 2020 at 11:22 AM
To: "Walsh, Erin" <EWalsh@atg.state.il.us>
Cc: "Kozar, Amanda" <AKozar@atg.state.il.us>, "Bhave, Sunil" <SBhave@atg.state.il.us>, Roshna Bala Keen <roshna@loevy.com>, Ashley Waddell Tingstad <atingstad@hooperhathaway.com>

Erin,

You said on the phone that you are open to narrowing your subpoena. Plaintiff identified several ways we think the subpoena could be narrowed to balance Plaintiff's rights with the needs of the case, but your email makes clear that you are not open to this approach. Please let me know if I've misinterpreted. Otherwise, please take a look at the case law I sent let me know by the end of the day on Wednesday if you are willing to narrow your subpoena. If not, I think we will be at an impasse and we'll file our motion to quash.

Thanks,
Rachel

[Quoted text hidden]



Rachel Brady <brady@loevy.com>

## Pursley v. City of Rockford - Notice of subpoena

**Walsh, Erin** <EWalsh@atg.state.il.us>  Wed, Feb 5, 2020 at 5:01 PM
To: Rachel Brady <brady@loevy.com>
Cc: "Kozar, Amanda" <AKozar@atg.state.il.us>, "Bhave, Sunil" <SBhave@atg.state.il.us>, Roshna Bala Keen <roshna@loevy.com>, Ashley Waddell Tingstad <atingstad@hooperhathaway.com>

Rachel,

I don't believe it's possible to narrow the subpoena since it my understanding that IDOC can only determine the content of calls by listening to them. We will not be withdrawing the subpoena and we will not agree to produce documents from a third party to Plaintiff's counsel for review. We are willing to mark the CDs containing Mr. Pursley's phone calls confidential pursuant to protective order.

[Quoted text hidden]