**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Patrick Pursley, ) | |
| ) | |
| Plaintiff, ) | Case No: 18 CV 50040 |
| ) | |
| v. ) | |
| ) | Judge Philip G. Reinhard |
| City of Rockford, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On March 24, 2020, Magistrate Judge Jensen entered a memorandum opinion and order granting in part plaintiff's motion to quash the Illinois State Police ("ISP") defendants' subpoena to the Illinois Department of Corrections ("IDOC") seeking plaintiff's recorded telephone calls [184]. On June 2, 2020, ISP defendants filed objections to Judge Jensen's order [194]; on July 2, 2020, plaintiff filed a response in opposition to defendants' objections [196]; and on July 30, 2020, ISP defendants filed a reply [207]. The court has reviewed the record and accepts the memorandum opinion and order. The ISP defendants are ordered to return all recorded telephone calls back to plaintiff and destroy any copies made. The ISP defendants may retain the call log and list of names associated with each phone number on the log. The ISP defendants may file a motion for leave of court with the magistrate to serve a more particularized subpoena.

**STATEMENT**

Plaintiff brings this civil action alleging various constitutional rights violations and state law claims in response to his wrongful conviction and sentence for murder. On January 16, 2020, ISP defendants issued a subpoena duces tecum to the IDOC for "all recorded telephone calls made or received by Patrick Pursley (#N60565) from 2013 to 2019." IDOC responded to the subpoena and produced over 3,000 calls, a call log listing phone numbers associated with each call, and a list of names associated with each phone number. On February 7, 2020, plaintiff moved to quash the ISP defendants' subpoena. On March 24, 2020, Magistrate Judge Jensen issued a memorandum opinion and order granting in part the motion to quash. The ISP defendants' objections and the plaintiff's response followed.

Following any objections filed by a party to a magistrate judge's written order on a nondispositive matter, the district judge must "consider [the] timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). "The Federal Rules of Civil Procedure provide that when parties object to a magistrate judge's order, district judges are to review nondispositive decisions for clear error." *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 594-95 (7th Cir. 2006). And "magistrate and district courts enjoy extremely broad discretion in controlling discovery. A district court may only overturn a

magistrate's decision if the decision is 'clearly erroneous or is contrary to law.'" *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115-16 (7th Cir. 2013) (citing FED. R. CIV. P. 72(a)).

     First, ISP defendants object to Judge Jensen's finding that while plaintiff's privacy interests outweighed the benefit of the materials sought, the requested telephone calls themselves were irrelevant. ISP defendants argue that plaintiff's damages claim includes plaintiff's 23-year separation from his family and friends; therefore, ISP defendants argue, they should have the opportunity to have access to plaintiff's telephone calls to his family and friends over the years to discovery the nature of these relationships. Judge Jensen found the subpoena overly broad, more like the "broad fishing expedition" or "throwing darts in the dark," as in *Simon v. Northwestern University*, No. 15-CV-1433, 2017 WL 66818, at *4 (N.D. Ill. Jan. 6, 2017). Judge Jensen further found that plaintiff's 3,000 telephone calls irrelevant to plaintiff's allegations that his incarceration kept him from his family and friends for over two decades, and that ISP defendants failed to explain how conversations with family and friends could rebut the facts that 23 years of incarceration kept plaintiff physically separated from them. Federal Rule of Civil Procedure 45(d)(3) grants the court power to "quash or modify" a subpoena. "Whether to quash a subpoena is a matter within the court's discretion." *TCYK, LLC, v. Doe*, No. 13 CV 6770, 2014 WL 273806, at *2 (N.D. Ill. Jan. 24, 2014) (citing *Griffin v. Foley*, 542 F.3d 209, 223 (7th Cir. 2008)); *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 902 (7th Cir. 1981) ("The district court has wide discretion within the rules to determine the manner and course of discovery."). The court accepts Judge Jensen's opinion and does not find that she committed clear error in concluding plaintiff's privacy interests outweigh ISP defendants' need for the telephone calls and that the calls themselves are not relevant.

     Second, ISP defendants object to Judge Jensen's ruling quashing the subpoena rather than modifying it to allow for the disclosure of plaintiff's non-privileged telephone calls to his attorneys. Rule 45 did not require Judge Jensen to modify, rather than quash, ISP defendants' subpoena following a finding that that plaintiff's telephone calls to his attorneys are non-privileged. The magistrate previously found the subpoena overly broad. Therefore, it was within Judge Jensen's discretion to quash the subpoena. The order, however, does allow ISP defendants the right to retain the call logs and the list of names associated with each number on the log. This may provide the defendants the ability to serve a more particularized subpoena to IDOC. Which brings the court to the defendants' final argument – that it was outside of the magistrate's authority to require the ISP defendants to seek leave to issue another subpoena. ISP defendants argue this requirement is not contemplated by Fed. R. Civ. P. 45. However, while Rule 45 allows parties to direct discovery as they choose, it does not take away the court's discretion to manage. As noted above, the court has wide discretion "to determine the manner and course of discovery." *Eggleston* 657 F.3d at 902. Additionally, "[d]istrict judges enjoy broad discretion in settling discovery disputes and in delimiting the scope of discovery in a given case." *Corley v. Rosewood Care Center, Inc.*, 142 F.3d 1041, 1052 (7th Cir. 1998). *See also* Fed. R. Civ. P. 26(b)(2), Advisory Committee Notes ("The revisions in Rule 26(b)(2) are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery."). Following what the magistrate judge found to be an overly broad subpoena, it is now within her discretion to assist the parties in managing the scope of any subpoena requests. It is not, as argued by ISP defendants, outside the magistrate's authority to do so. The court finds the magistrate judge did

2

not commit clear error in requiring that ISP defendants seek leave of court if they choose to serve a more particularized subpoena.

      For the above reasons, the court accepts Magistrate Judge Jensen's memorandum opinion and order. Plaintiff's motion to quash ISP defendants' subpoena to the IDOC for plaintiff's recorded telephone calls is granted in part. The ISP defendants are ordered to return all recorded telephone calls back to plaintiff and destroy any copies made. The ISP defendants may retain the call log and list of names associated with each phone number on the log. ISP defendants may file a motion for leave of court with the magistrate to serve a more particularized subpoena.

Date: 08/19/2020                                     ENTER:

*Philip G. Reinhard*
United States District Court Judge

Electronic Notices. (LC)