IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Patrick Pursley, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 CV 50040 |
| v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| City of Rockford, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants City of Rockford, Charlene Getty, James Bowman, Ron Gallardo, John Genens, Jeff Houde, Sam Pobjecky, Mark Schmidt, Greg Hanson, James Barton, Bruce Scott, Doug Williams, Stephen Pirages, Estate of Gary Reffett, Estate of Howard Forrester, and Estate of David Ekedahl have moved to compel the deposition testimony of third party witness Samantha Crabtree and further have asked this Court to prohibit Ms. Crabtree from asserting her Fifth Amendment privilege against self-incrimination at the deposition. Dkt. 197. For the following reasons, Defendants' motion is granted in part and denied in part.

### I. BACKGROUND

Plaintiff's complaint arises out of his conviction for murder in 1993. Plaintiff alleges that Defendants built a false case against him. Specifically, as it pertains to the present motion, the complaint alleges that Defendants coerced a false statement from Plaintiff's then girlfriend, Samantha Crabtree, implicating him in the murder. At Plaintiff's trial, however, Ms. Crabtree testified truthfully and did not implicate Plaintiff in the crime. Plaintiff was found guilty of first-degree murder and sentenced to life without parole. In the years that followed, Plaintiff sought post-conviction ballistics testing pursuant to the Illinois Post Conviction Act. Plaintiff's conviction was overturned on March 3, 2017. Following a retrial, Plaintiff was released from prison on April 27, 2017. Thereafter, Plaintiff filed suit in this Court, alleging theories of wrongful conviction under both 42 U.S.C. § 1983 and state law.

During the course of ongoing discovery, Defendants served a deposition subpoena on Ms. Crabtree. Thereafter, Defendants learned through pre-deposition discussions with Ms. Crabtree's counsel that she intended to assert her Fifth Amendment privilege against self-incrimination in response to questioning on the following list of proposed deposition topics:

- The April 2, 1993 murder of Andrew Ascher, including Crabtree's and Pursley's involvement in the crime and/or their whereabouts and activities around the time of the crime;

1

- Pursley's involvement in the robbery of the Burger King on Riverside Blvd. in Rockford, Illinois on April 15, 1993;
- Crabtree's and Pursley's involvement in the May 12, 1993 robbery of the First Bank North in Rockford, Illinois on May 12, 1993;
- Crabtree's interview by and cooperation with Rockford Police on June 10, 1993;
- Crabtree's testimony before the Winnebago County Grand Jury on June 23, 1993;
- Crabtree's Affidavit dated August 5, 1993;
- Crabtree's communications with Lester "Latee" Brown and Theresa Crabtree regarding their robbery of the First Bank North in Rockford, Illinois in September 1993;
- Crabtree's testimony at Pursley's trial on April 22, 1994 and April 25, 1994;
- Crabtree's convictions for robbery (for the First Bank North robbery on May 12, 1993) and perjury (for inconsistent testimony between her grand jury testimony on June 23, 1993 and her trial testimony in April 1994);
- Firearms purchased and owned by Crabtree, including any alteration or repair work done on such firearms;
- Crabtree's communications with Pursley regarding the Andrew Ascher murder and his prosecution for the same, from the date of the murder of Andrew Ascher to the present; and
- The history of physical and other abuse of Crabtree by Pursley.

Rather than proceed with the deposition, Defendants brought the current motion asking this Court to order that Ms. Crabtree attend her deposition and that she be prohibited from asserting her Fifth Amendment privilege in response to unspecified questions from the afore listed deposition topics. The Defendants and Ms. Crabtree submitted briefs addressing the applicability of the Fifth Amendment privilege to the deposition topics. For the following reasons, this Court holds that it is premature to rule on the applicability of the Fifth Amendment privilege. Such a ruling can only be made on a question by question basis after the deposition has proceeded.

## II. DISCUSSION

The Fifth Amendment privilege against compelled self-incrimination protects a person at any stage of the proceedings in civil and criminal cases. *Lefkowitz v. Cunningham*, 431 U.S. 801, 805 (1977). In order to assert the privilege, the person must reasonably believe their answer could be used in a criminal prosecution or could lead to other evidence that might be so used. *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972). The standard for determining whether the privilege is properly asserted, set by the Supreme Court, is as follows:

> To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result.

*Hoffman v. United States*, 341 U.S. 479, 486-87 (1951). The Fifth Amendment protection applies as long as there is a possibility of prosecution, regardless of a court's assessment as to the

likelihood of the prosecution. *In re Folding Carton Antitrust Litigation*, 609 F.2d 867, 872 (7th Cir. 1979).

Courts find that blanket assertions of the privilege are improper because they restrict the court's ability to assess the appropriateness of the privilege. *See In re Folding Carton Antitrust Litigation*, 609 F.2d 867 (7th Cir. 1979); *Hillmann v. City of Chicago*, 918 F. Supp. 2d 775 (N.D. Ill. 2013); *Barnett v. Stern*, No. 85 C 0144, 1987 WL 8596 (N.D. Ill. Mar. 27, 1987). The Seventh Circuit has stated that, although a deponent may have genuine concerns about testifying, "the trial court need not take on faith that the answer to [a] propounded [question] may incriminate." *Folding Carton Antitrust Litigation*, 609 F.2d at 873. Instead, for each question to which a claim of privilege is directed, the court must determine whether the answer would subject the deponent to "a real danger of further incrimination." *Id*. As such, the question of whether the Fifth Amendment privilege may be invoked must be determined on a question by question basis. *Rogers v. United States*, 340 U.S. 367, 374 (1951). A deponent must make a determination with regard to each specific question posed as to whether the question creates some tendency to subject her to criminal liability. *In re High Fructose Corn Syrup Antitrust Litigation*, 295 F.3d 651, 663-64 (7th Cir. 2002). Thereafter, the district court must conduct a particularized inquiry in assessing whether the privilege applies. *United States v. Castro*, 129 F.3d 226, 229 (1st Cir. 1997). The person claiming the privilege "must establish the elements of the privilege as to . . . each question asked so that . . . the court can rule with specificity." *In re Grand Jury Matters*, 751 F.2d 13, 17 n.4 (1st Cir. 1984) (citations omitted).

Additionally, courts find motions to compel specific deposition testimony prior to the questions being asked to be premature. *See Zuniga v. Morris Material Handling, Inc.*, No. 10-C-696, 2011 WL 663136 (N.D. Ill. Feb. 14, 2011); *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL-DJW, 2007 WL 445201 (D. Kan. Feb. 7, 2007). When a motion to compel precedes the deponent actually being asked the questions in a deposition, it leaves the court without a sufficiently developed record from which to evaluate whether a Fifth Amendment invocation is proper as it relates to specific questions. *Zuniga*, 2011 WL 663136 at *6. Granting a request to compel a deponent to respond to prospective questions would require the court to attempt to speculate as to whether the question is appropriate in the context of a deposition. *Williams*, 2007 WL 445201 at *1-2. This would be contrary to the requirement that courts assess the privilege on a question by question basis. *Rogers*, 340 U.S. at 374. If the deposition questions have not been asked, it is premature for a court to make any judgment about the effect of the invocation. *Zuniga*, 2011 WL 663136 at *6. *See also Gabarak v. Laurin Mar. (Am.) Inc.*, 274 F.R.D. 208, 212 (E.D. La. 2011) ("The Court makes no determination at this time as to whether the broad topics proposed by DRD invoke the Fifth Amendment privilege and instead will make its determination on a question by question basis."); *Rutherford v. Paloverde Health Care Dist.*, No. ED CV 13-1247-JAK (SPx), 2014 U.S. Dist. LEXIS 194226, *6 (C.D. Cal. Oct. 23, 2014) ("The court will not now – and in light of the record before this court, cannot now fairly – decide which topics may give rise to a legitimate Fifth Amendment invocation.").

Therefore, the Court takes issue with both parties' requests. With respect to Defendants' arguments, while they correctly state that Rule 37 allows a party to move for an order compelling a deponent to answer if she fails to answer a question asked under Rule 31, their motion is premature. Since the deposition has yet to occur, Ms. Crabtree has not yet "[failed] to answer a

question asked." Fed. R. Civ. P. 37(a)(3)(B)(i). Relatedly, Ms. Crabtree attempts to assert her Fifth Amendment right too broadly. As a deponent, Ms. Crabtree may not invoke a blanket privilege for the entire deposition or for general topics in a proposed deposition. The parties' requests would require the Court to attempt to speculate as to the appropriateness of Ms. Crabtree's objection without knowing the specific questions asked from within the topics provided by Defendants.

The Court concludes that Ms. Crabtree has improperly invoked a blanket assertion of the Fifth Amendment privilege and Defendants have improperly requested that the Court prohibit Ms. Crabtree from asserting her privilege. The correct procedure is for Ms. Crabtree to attend her deposition and answer the questions she can truthfully answer without running a risk of self-incrimination and asserting the Fifth Amendment privilege to those she cannot. This will create a record from which the Court can determine whether Ms. Crabtree was entitled to assert her Fifth Amendment privilege against self-incrimination on a question by question basis. The Court understands that this is a more cumbersome approach, however it is the appropriate course to take in order to ensure that the Fifth Amendment privilege is appropriately analyzed.

### III. CONCLUSION

The Court grants Defendants' motion to compel Ms. Crabtree's testimony and denies Defendant's request to rule prospectively that Ms. Crabtree cannot assert her Fifth Amendment privilege as to specified deposition topics. Any rulings on the appropriateness of the Fifth Amendment privilege will be addressed after the deposition has concluded and an appropriate record has been made.

Date: August 20, 2020     By: *Lisa A. J.*
                                                           Lisa A. Jensen
                                                           United States Magistrate Judge