IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Patrick Pursley, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 18 CV 50040 |
| v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| City of Rockford, et. al., | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Patrick Pursley has moved for a protective order preventing him from being compelled to appear in person for his deposition. Dkt. 221. For the following reasons, Plaintiff's motion is granted.

### I. BACKGROUND

This case arises out of Plaintiff's allegations that Defendants built a false case against him, which resulted in his conviction for murder in 1993. Plaintiff was found guilty of first-degree murder and sentenced to life without parole. In the years that followed, Plaintiff sought post-conviction ballistics testing pursuant to the Illinois Post Conviction Act. Plaintiff's conviction was overturned on March 3, 2017. Following a retrial, Plaintiff was released from prison on April 27, 2017. Thereafter, Plaintiff filed suit in this Court, alleging theories of wrongful conviction under both 42 U.S.C. § 1983 and state law.

Before the Court is Plaintiff's motion for a protective order pursuant to Federal Rule of Civil Procedure 30(b)(4). Plaintiff seeks an order preventing him from being compelled to appear in person at his deposition. Dkt. 221. Plaintiff's motion arose out of Defendants' notice of deposition seeking to depose Plaintiff in person in either Chicago or Rockford, Illinois. Dkt. 221-1. During discussions over the telephone and through email, Plaintiff requested that he be deposed via video conference. *Id*. After being unable to reach an agreement, Plaintiff filed the present motion. *Id*.

This Court heard oral arguments from both parties at a motion hearing on October 1, 2020. Following the hearing, Defendants submitted a proposed deposition protocol and visitor screening form which they proposed to use at the in-person deposition. Dkts. 228, 229. Plaintiff subsequently filed a reply. Dkt. 225.

### II. DISCUSSION

Federal Rule of Civil Procedure 30(b)(4) authorizes this Court in its discretion to order that a deposition "be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). "Courts have long held that leave to take remote depositions pursuant to Rule 30(b)(4) should be granted liberally." *In re Broiler Chicken Antitrust Litig.*, No. 16 CV 08637, 2020 WL 3469166, at *7 (N.D. Ill. June 25, 2020). Rule 30(b)(4) leaves it to this Court's broad discretion over discovery to determine whether there is a legitimate reason to take a deposition by remote means under all the facts and circumstances of a given case. *Id*. "The decision whether to allow a remote deposition essentially involves a careful weighing of the reasons put forth by the proponent of the remote deposition and the claims of prejudice and hardship advanced by the party opposing the deposition." *Id*. (citing *Learning Resources, Inc. v. Playgo Toys Enterprises Ltd.*, No. 19-CV-00660, 2020 WL 3250723, at *3-4 (N.D. Ill. June 16, 2020)).

Plaintiff requests that he be able to present for his deposition by remote video conference because of the health risks to both Plaintiff and Plaintiff's counsel arising out of the COVID-19 pandemic. In his motion, Plaintiff asserts that he suffers from health conditions that put him at an increased risk of serious illness if he were to contract COVID-19. Plaintiff's Motion at 2, Dkt. 221. Additionally, Plaintiff's counsel indicated that her exposure to coronavirus could not only endanger her family, but also put other families at risk due to her family's childcare arrangements. *Id*. In response to the severe risks posed by the COVID-19 pandemic, numerous courts in this district, including this Court, have authorized remote video depositions. *See Sonrai Sys., LLC v. Romano*, No. 16 CV 3371, 2020 WL 3960441 (N.D. Ill. July 13, 2020) (collecting cases); *Valdivia v. Menard Inc.*, No. 19 CV 50336, 2020 WL 4336060 (N.D. Ill. July 28, 2020). The Court is further persuaded by the severity of these health risks in light of the state of Illinois's increasing COVID-19 positivity rate and the recent record-breaking number of daily reported cases in the state. *See* https://chicago.suntimes.com/coronavirus/2020/10/18/21522151/4245-new-covid-19-cases-illinois-positivity-rate-continues-climbing (last visited October 19, 2020). For these reasons, the Court finds that preventing the transmission of COVID-19 and ensuring the health and safety of Plaintiff and others attending the deposition is a legitimate reason to conduct Plaintiff's deposition by remote video conference.

Since Plaintiff has put forth a legitimate reason to conduct his deposition remotely, the burden shifts to Defendants to show how they would be prejudiced if the deposition were to proceed by remote video conference. *See In re Broiler Chicken Antitrust Litig.*, 2020 WL 3469166, at *7. During the hearing, Defendants asserted that it was important for them to be able to gauge Plaintiff's demeanor, build rapport, and engage back and forth with Plaintiff during his deposition. 10/01/2020 Hearing. Defendants also emphasized that, with the potential for over 20 million dollars in damages, this is a "high-stakes" case, and denying an in-person deposition would be an undue burden. *Id*. However, many courts have determined that remote video depositions provide a "sufficient opportunity to evaluate a deponent's nonverbal responses, demeanor, and overall credibility." *Learning Res., Inc.*, 2020 WL 3250723, at *3 (collecting cases). Moreover, Defendants stated that they possess adequate video conferencing technology and did not indicate that they have had any issues when conducting other depositions by video. 10/01/2020 Hearing. As a result, the Court finds that conducting Plaintiff's deposition by remote video conference would not prejudice Defendants ability to observe and engage with Plaintiff.

Defendants also argue that the present situation is distinguishable from the cases cited by Plaintiff and by this Court in *Valdivia*, 2020 WL 4336060 , because those cases involved individuals who would have been required to fly in for the depositions. 10/01/2020 Hearing. Defendants allege that here, because the deposition would likely be held in Chicago or Rockford, the participants would not be required to fly to attend the deposition. *Id*. However, regardless of the mode of transportation, conducting a deposition in either Chicago or Rockford would be inherently dangerous due to the sharply increasing COVID-19 positivity rate in each city. *See* https://www.nbcchicago.com/news/local/illinois-coronavirus-updates-pritzker-and-lightfoot-both-set-to-deliver-covid-19-updates/2355834/; https://www.rrstar.com/news/20201008/rockford-regionrsquos-covid-19-positivity-rate-moving-in-wrong-direction (last visited October 19, 2020). Moreover, Plaintiff argues that he would be traveling from the Champaign-Urbana area, which would be approximately a 3-hour drive to either city. Because the deposition may take up to 7 or 8 hours, Plaintiff would likely need to stay in a hotel overnight, which would pose additional risks of exposure to COVID-19. *See* https://www.usatoday.com/story/travel/hotels/2020/10/09/hilton-wyndham-marriott-hotels-not-all-meeting-cleanliness-guidelines/5866880002/ (last visited October 19, 2020). As a result, the travel associated with appearing for an in-person deposition would only add to the significant health risks for Plaintiff.

At the hearing, Defendants asserted that an in-person deposition would not pose an unreasonable risk to Plaintiff's health due to their office's deposition protocol and utilization of a screening form. 10/01/2020 Hearing. The Court has reviewed the deposition protocol, which indicates that Plaintiff and the questioning attorney would wear face shields to allow the counsel and the deponent to observe each other's faces during questioning. Dkt. 228. Plaintiff argues that face shields would not effectively protect Plaintiff or his counsel, citing the CDC website for support. Plaintiff's Reply at 2, Dkt. 225. The website states: "CDC does not currently recommend use of face shields as a substitute for masks." *See* https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/cloth-face-cover-guidance.html (last visited October 19, 2020). The Court agrees with Plaintiff. Defendants' attempt to preserve the ability to visually evaluate the deponent during the deposition would sacrifice the safety of Plaintiff, Plaintiff's counsel, and others present.

Additionally, the Court has reviewed Defendants' screening form, which appears to be used to determine whether a visitor may be allowed into the office based on presenting symptoms or recent exposure to anyone who has tested positive. Dkt. 229. Plaintiff argues that the form does not account for the possibility that a participant in the deposition was recently exposed to COVID-19 without his knowledge or that a participant is an asymptomatic carrier. Plaintiff's Reply at 2, Dkt. 225. Again, the Court agrees with Plaintiff, especially with regard to the risk of asymptomatic transmission. Within the last several months, the CDC has published information concerning the "growing evidence of transmission risk" from asymptomatic and presymptomatic individuals. *See* https://www.cdc.gov/coronavirus/2019-ncov/php/public-health-recommendations.html (last visited October 19, 2020). As such, the Court finds that the form submitted by Defendants would not adequately alleviate the significant health risks posed by COVID-19.

Defendants argue that, because it was Plaintiff's choice to "instigate" this lawsuit, he should be compelled to appear for his deposition in person. 10/01/2020 Hearing. The Court disagrees with this assumption. Simply because Plaintiff has filed a lawsuit does not mean that he consented to putting his health at risk. Courts across this country have put safety measures in place to keep *all* litigants safe during this pandemic. *See, e.g., In re Broiler Chicken Antitrust Litig.*, 2020 WL 3469166; *Learning Res.,* 2020 WL 3250723; *In re RFC & ResCap Liquidating Tr. Action*, No. 013CV3451SRNHB, 2020 WL 1280931 (D. Minn. Mar. 13, 2020); *SAP, LLC v. EZCare Clinic, Inc.*, No. CV 19-11229, 2020 WL 1923146 (E.D. La. Apr. 31, 2020). Moreover, Rule 26(c) provides protections to all parties and third parties upon showing that the risks outweigh the benefits. Fed. R. Civ. P. 26(c)(1). Plaintiffs are not exempted from these protections.

Finally, Defendants argue that it would be inequitable to allow Plaintiff to avoid an in-person deposition when Defendants, many of whom are elderly, will be required to attend a trial, thus facing many of the health risks Plaintiff faces at his deposition. 10/01/2020 Hearing. Currently, the discovery schedule set for this case goes into May of 2021 and will likely extend beyond that pending dispositive motions. Dkt. 226. Accordingly, any issues related to safety at a forthcoming trial are not presently before the Court. Defendants may address any concerns in a motion at the appropriate time. The issue that is before the Court is Plaintiff's request for a remote deposition. Such a request is an option available to all deponents; therefore, the Court finds that granting Plaintiff's request would not have an inequitable result.

This Court is certainly aware that many litigants prefer to take depositions in person. It would be ideal for litigants to be able to proceed with depositions in their chosen format. However, that is not the world we currently live in. Defendant's allegations of prejudice and hardship do not outweigh the serious health risks posed by COVID -19.

### III. CONCLUSION

The Court grants Plaintiff's motion for a protective order. Plaintiff's deposition shall be taken by remote video conference.

Date: October 20, 2020         By: _____
                                    Lisa A. Jensen
                                    United States Magistrate Judge

4