**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Patrick Pursley, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 18 CV 50040 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| City of Rockford, et. al., ) | |
| ) | |
| *Defendants*. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed a motion to quash the Illinois State Police ("ISP") Defendants' more particularized subpoena seeking Plaintiff's recorded telephone calls. Defendants filed their response. For the following reasons, Plaintiff's motion is denied.

**I. BACKGROUND**

Plaintiff's underlying complaint alleges that he spent twenty-three years in prison for a murder he did not commit. Specifically, Plaintiff alleges that various Rockford police officers obtained a false statement implicating Plaintiff in a murder and that the ISP crime lab forensic scientists fabricated evidence that linked Plaintiff's handgun to the murder. In April 1994, Plaintiff was found guilty of first-degree murder by a jury and sentenced to natural life without parole. Plaintiff was incarcerated for the next twenty-three years. After an independent ballistics test concluded that neither the bullets nor the casings recovered at the crime scene matched Plaintiff's handgun, Plaintiff's motion for a new trial was granted. Plaintiff was released from prison on April 13, 2017. At his second trial for murder, Plaintiff was acquitted of all charges. Thereafter, Plaintiff brought this civil action alleging various constitutional rights violations and state law claims. Dkt. 100.

In January 2020, the ISP Defendants issued a subpoena to the Illinois Department of Corrections ("IDOC") seeking all recorded telephone phone calls made or received by Plaintiff from 2013 through 2019. Dkt. 166-2. Plaintiff moved to quash the subpoena under Federal Rules of Civil Procedure 26 and 45, arguing that the subpoena sought telephone calls protected by attorney-client privilege and sought information not relevant to the issues in the case. This Court granted Plaintiff's motion to quash based primarily on the overbreadth of the subpoena. This Court ruled, however, that the requested telephone calls were not protected by the attorney-client privilege because Plaintiff knew he was speaking on a recorded line at the time he communicated

with his attorneys and, thus, waived the privilege. The Court concluded that Defendants could file a motion for leave to serve a more particularized subpoena consistent with the Court's opinion.[1]

Thereafter, the ISP Defendants filed a motion for leave to serve a more particularized subpoena limited to recorded conversations from 2013 through 2017 between Plaintiff and his attorneys and for that same time period all conversations with Plaintiff's son. Dkt. 235. The Court granted Defendants leave to issue the subpoena at a motion hearing on November 2, 2020. At that hearing, Plaintiff's counsel stated that Plaintiff's former attorneys may seek to object to the subpoena based on attorney work product privilege and the Court indicated that any motion to quash should be filed within 21 days. Defendants served the subpoena the same day. Dkt. 239-1. On November 23, 2020, Plaintiff filed this motion to quash.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 45(a), a party may issue a subpoena to command production of documents or other tangible material in a person's possession or control. Fed. R. Civ. P. 45(a). The scope and limits of production under a subpoena are the same as the scope for discovery generally under Rule 26, which states that parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 45 provides that "the court for the district where compliance is required must quash or modify the subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii-iv).

In addition, this Court has previously ruled that Plaintiff has a privacy interest in his recorded phone calls. In determining whether to quash a third-party subpoena based upon a party's privacy interests, courts weigh the relevance of the information against the strength of the privacy interest. *See, e.g., Simon v. Nw. Univ.*, No. 15-cv-1433, 2017 WL 66818, at *3 (N.D. Ill. Jan. 6, 2017); *Coleman v. City of Peoria*, No. 15-CV-1100, 2016 WL 3974005, at *3-4 (C.D. Ill. July 22, 2016). Moreover, a court must always consider the relevance of the subpoenaed material when determining if a subpoena should be quashed. *See Third Degree Films, Inc. v. Does 1-2010*, No. 4:11 MC 2, 2011 WL 4759283, at *1 (N.D. Ind. Oct. 6, 2011) ("However, implicit in the rule is the requirement that a subpoena seek relevant information."); *Stock v. Integrated Health Plan, Inc.*, 241 F.R.D. 618, 621 (S.D. Ill. 2007) ("Although the Seventh Circuit Court of Appeals has not explicitly ruled that district courts may quash or modify a subpoena for seeking information irrelevant to the merits of a case, it has long recognized that the courts have 'wide discretion' in limiting the scope of discovery to topics of ultimate relevance.") (collecting cases).

Plaintiff asserts that Defendants have issued another overly broad subpoena. He argues that Defendants have not made a showing that all of the recordings of telephone calls between Plaintiff and his attorneys contain evidence relevant to the litigation.[2] Plaintiff concedes that some of the

---

[1] This is a very brief summary of this Court's previous ruling, which can be found at *Pursley v. City of Rockford*, No. 18 CV 50040, 2020 WL 1433827 (N.D. Ill. Mar. 24, 2020), *opinion adopted*, No. 18 CV 50040, 2020 WL 4815946 (N.D. Ill. Aug. 19, 2020).

[2] Plaintiff does not object to the portion of the subpoena seeking recorded telephone calls between Plaintiff and his son.

calls likely contain relevant discussion, but contends that the other nonrelevant topics that he discussed with his attorneys are entitled to some amount of privacy. Plaintiff further emphasizes that many of the calls are not relevant because they do not go to any of the claims or defenses in this case. Plaintiff also maintains that the attorneys are listed in his Rule 26(a)(1) disclosures as witnesses who may have knowledge about precise topics, which should make only the calls about those specific topics discoverable.

Plaintiff next proposes a solution to the subpoena's alleged overbreadth. Plaintiff asserts that the Court can set parameters for evaluation of relevance and order Plaintiff's counsel to review the responsive recordings and produce those that are discoverable. Plaintiff accordingly requests that this Court quash the subpoena or modify it to seek only those calls about Plaintiff's criminal cases, postconviction proceedings, ballistics testing, and civil allegations.

Defendants set forth three reasons why Plaintiff's motion to quash should be denied. Defendants first argue that Plaintiff failed to make a timely objection to the relevance of the attorney-client calls. Defendants assert that Plaintiff's overdue objection has caused delay and sparked unnecessary litigation. Defendants also contend that Plaintiff failed to bring any relevance concerns to the Court's attention at the motion hearing, even after being explicitly asked by the Court if he had any objection to the subpoena. Defendants argue that, as a result of the failure to raise any issue regarding the relevance of the calls, Plaintiff deprived them of the opportunity to address the issue prior to serving the subpoena.

Second, Defendants argue that their subpoena does seek relevant information. They point out that Plaintiff seeks to impose an impossible burden of showing that all of the calls are likely to be relevant to the litigation. Defendants refer to several cases from this district supporting the notion that relevant evidence is often found in attorney-client communications. Defendants assert that the mere fact that incidental, irrelevant information may also be included does not affect a subpoena seeking relevant information. Defendants also contend that Plaintiff has not identified any privacy interest that could justify withholding even an irrelevant telephone call.

Finally, Defendants assert that Plaintiff's proposal contravenes Rule 45. They argue that, under the Rule, they have the right to directly receive all documents from a third party in response to a subpoena. Defendants further contend that implementing Plaintiff's proposal would result in further disputes and potentially significant delays. Defendants conclude that, should the Court consider the proposal, it should be the Court that conducts the review rather than Plaintiff.

The Court concludes, as an initial matter, that Defendants have demonstrated the relevance of the telephone calls between Plaintiff and his attorneys. Attorney-client communications are likely to be relevant and probative. *See Simon v. Nw. Univ.*, No. 15-cv-1433, 2017 WL 66818, at *6 (N.D. Ill. Jan. 6, 2017) (recorded calls with attorneys likely to be relevant and highly probative). *See also Cage v. Harper*, No. 17-CV-7621, 2019 WL 6911967, *2 (N.D. Ill. Dec. 19, 2019); *Patrick v. City of Chicago*, 154 F. Supp. 3d 705, 710 (N.D. Ill. 2015). Additionally, the attorneys with whom Plaintiff had the recorded phone calls were listed as witnesses by Plaintiff in his Rule 26(a)(1) disclosures. Pl.'s Mot. at 6, Dkt. 246.

Plaintiff concedes that some of the calls contain relevant information but asserts that many do not. He points to declarations from two of his attorneys as support for the proposition that many of the calls do not contain relevant information. The Court finds two errors in this argument. First, Plaintiff fails to adequately account for potentially relevant content in the recordings. Plaintiff's black or white characterization of the telephone calls with his attorneys is inconsistent with the attorneys' own declarations wherein they state that that they spoke about Plaintiff's case and unrelated topics, often during the same telephone calls. Dkts. 246-2, ¶ 4; 246-3, ¶ 4. Additionally, the attorneys' declarations indicate that they also discussed such topics as Plaintiff's health and well-being and the conditions of his confinement. Dkts. 246-2, ¶ 5; 246-3, ¶ 5. Although Plaintiff does not include these in his list of relevant discussion topics, Dkt. 246 at 5, Defendants correctly argue that these topics may be relevant to Plaintiff's damages claims.

Second, the Court agrees with Defendants that the fact that the recordings may include some incidental and irrelevant information does not support quashing the subpoena. The fact that a document responsive to a discovery request contains relevant and responsive information alongside irrelevant and non-responsive information does not impact the document's discoverability. *Bell v. Pension Comm. of ATH Co., LLC*, 330 F.R.D. 517, 522 (S.D. Ind. 2018). Moreover, what is considered relevant or irrelevant is often a matter of judgment, and irrelevant information within a document containing relevant information may be useful and provide context for the relevant information. *See U.S. Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, No. 13-CV-04307, 2015 WL 2148394, at *2 (N.D. Ill. May 5, 2015); *Cox v. Sherman Capital LLC*, No. 112CV01654TWPMJD, 2016 WL 397607 (S.D. Ind. Feb. 2, 2016), *modified on reconsideration*, No. 112CV01654TWPMJD, 2016 WL 7975817 (S.D. Ind. Feb. 5, 2016). Furthermore, the Court finds persuasive that Defendants have significantly narrowed their request from over 3,000 telephone calls requested in their first subpoena to under 200 calls in the present subpoena. *See Simon*, 2017 WL 66818, at *6 (finding that narrowing the recorded calls to only those with the plaintiff's counsel and their investigators did not suffer from the "broad, non-particularized nature" of the defendant's original request).

Having found that the requested recordings are relevant, the Court next must balance the burden of compliance on Plaintiff's privacy interests against the benefit of production of the material sought. *See Simon*, 2017 WL 66818, at *3. The Court finds two cases instructive. In *Coleman v. City of Peoria*, the court determined that the impact on the plaintiff's and the third party's privacy interests was less than a private citizen making phone calls at home because they were aware that the calls were being recorded and, ultimately, concluded that their lessened privacy interests were insufficient to quash the subpoenas. *Coleman*, 2016 WL 3974005, at *4. Similarly, in *Simon v. Nw. Univ.*, the court found that, while the initial subpoena was too broadly framed, narrowing the request to only calls with the plaintiff's counsel made the request appropriate, given the plaintiff's lack of privacy interest in the calls and the likely relevance and high probative value of the calls. *Simon*, 2017 WL 66818, at *6.

Here, the Court finds that the benefit of production of the recorded telephone calls sought outweighs Plaintiff's limited privacy interests. As explained above, the recordings of the telephone calls between Plaintiff and his attorneys are likely to be relevant and highly probative, and Defendants have narrowed their request appropriately in accordance with this Court's prior ruling.

4

## III. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion to quash.

Date: December 10, 2020

Lisa A. Jensen
United States Magistrate Judge