# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| Patrick Pursley, | ) |
|     Plaintiff, | ) |
| v. | ) Case No.: 18-cv-50040 |
| | ) Magistrate Judge Margaret J. Schneider |
| The City of Rockford, et al, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants City Administrator for the City of Rockford, as Special Representatives for the Estate of Howard Forrester, the Estate of Gary Reffett, and the Estate of David Ekedahl ("Defendants") ask the Court for leave to file an amended answer alleging amended affirmative defenses [284]. For the reasons stated below, Defendants' motion is denied.

## BACKGROUND

On February 1, 2018, Plaintiff Patrick Pursley ("Plaintiff") filed suit, alleging damages based on his April 1994 murder conviction, which was vacated on March 3, 2017 [1]. Thereafter, Plaintiff was re-tried and was acquitted on January 15, 2019 [100, ¶70]. On February 22, 2019, Plaintiff filed his First Amended Complaint [49], and on June 25, 2019, Plaintiff filed his Second Amended Complaint, which for the first time included claims against the Defendants [100]. On October 30, 2019, Defendants filed an answer and asserted eighteen affirmative defenses [150].

On August 14, 2019, the Court adopted the parties' case management order [119]. Due to various delays, including delays due to COVID-19, the Court granted multiple extensions of the case management deadlines [192], [204], [226], [245], [256]. On March 3, 2021, a revised scheduling order was entered, extending the close of fact discovery to April 16, 2021 and the close of expert discovery to August 16, 2021 [274].[1] On April 22, 2021, Defendants filed the instant motion for leave to amend [284].

Defendants' motion seeks to include three additional affirmative defenses which allege that Plaintiff's state law claims for malicious prosecution, civil conspiracy, and intentional infliction of emotional distress ("IIED") are barred by the one-year statute of limitations under the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILC § 10/8-101 (the "Act"). At the core of Defendants' proposed affirmative defenses is the allegation that Plaintiff only had one year after his conviction was vacated in March 2017 to bring his claims against Defendants as state actors.

---

[1] Subsequently, on May 26, 2021 the fact discovery end date was extended to July 8, 2021 and the expert discovery end date was extended to November 5, 2021 [293].

## LEGAL STANDARD

Once a pleading can no longer be amended as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule directs courts to "freely give leave when justice so requires." *Id.* This reflects the Rule's "liberal attitude towards the amendment of pleadings." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (internal citation omitted). Courts may decline to grant leave if there is undue prejudice to the non-movant, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2008), "if the moving party unjustifiably delayed in presenting its motion to the court, repeatedly failed to cure deficiencies, or if the amendment would be futile." *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 868-69 (7th Cir. 2013) (internal citation omitted). An amendment is futile when "the new pleading would not survive a motion to dismiss." *Id.* at 869 (internal citation omitted).

## DISCUSSION

Plaintiff argues that Defendants' proposed amendments are unjustifiably delayed and futile. In response to the argument of unjustifiable delay, Defendants argue, "the fact that the parties remain in fact discovery and that there would be no undue prejudice to Plaintiff in having to defend against said defenses likely resolves that issue." [291, 3]. Defendants further argue that their proposed amendments would not be futile.

The Court denies Defendants' motion because Defendants failed to promptly seek leave to amend, and the proposed amendments would be futile. As an initial matter, Defendants' argument that the issue of unjustifiable delay is likely resolved because fact discovery is ongoing comes up short. As Plaintiff explains, Defendants were sued for actions they committed within the scope of their employment as police officers, facts which were known since they were joined as defendants and which were not developed during discovery. Defendants do not dispute these allegations. Indeed, they were aware of this information and had every opportunity to explore it and amend their answer and affirmative defenses during a lengthy discovery period.

Denial is also appropriate because allowing Defendants to amend their pleading would be futile. As noted above, an amendment is futile when "the new pleading would not survive a motion to dismiss." *Gandhi*, 721 F.3d at 869 (internal citation omitted). Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss challenges a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on such a motion, the Court accepts "all well-pleaded facts alleged and draw[s] all permissible inferences in [the complainant's] favor." *Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must provide fair notice of a claim's basis and establish that the relief requested is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In evaluating the futility of Defendants' affirmative defenses, the Court will apply these standards.[2]

---

[2] *See Avnet, Inc. v. Motio, Inc.*, No. 12 C 2100, 2015 WL 425442, at *3 (N.D. Ill. Jan. 30, 2015) ("In assessing the futility of Motio's counterclaims and affirmative defense, the court will treat Motio's proposed amended answer as a complaint.")

Defendants proposed as affirmative defenses that three of Plaintiff's state law claims are barred by the Act: malicious prosecution, civil conspiracy, and IIED. The Court will address each in turn.

A. Malicious Prosecution and Civil Conspiracy

Defendants claim that Plaintiff's claim of malicious prosecution is time-barred by the Act. Section 8-101 of the Act provides that a civil tort action against a local entity or any of its employees must be "commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILC § 10/8-101. A cause of action for malicious prosecution does not accrue until the criminal proceeding on which it is based has been terminated in the plaintiff's favor. *Stapinski v. Masterson*, No. 16 C 9155, 2017 WL 497772, at *3 (N.D. Ill. Feb. 7, 2017). Under Illinois law, when a case is stricken with leave to reinstate, the matter remains undisposed of. *Ferguson v. City of Chicago*, 820 N.E.2d 455, 459 (Ill. 2004). "The same charges continue to lie against the accused, albeit in a dormant state." *Id.* (internal citation omitted). Accordingly, criminal proceedings against the plaintiff do not terminate, and the plaintiff's malicious prosecution claim does not accrue, "until such time as the State [is] precluded from seeking reinstatement of the charges." *Id.* at 462; *see also Friends-Smiley v. City of Chicago*, No. 16 C 5646, 2016 WL 6092637, at *4-5 (N.D. Ill. Oct. 19, 2016) ("[M]erely striking a charge with leave to reinstate does not itself constitute a favorable termination.")

Here, the criminal proceedings against Plaintiff did not terminate, and his malicious prosecution claim did not accrue, until the State was precluded from seeking reinstatement of the charges. Plaintiff was granted a new trial on March 3, 2017; however, the state tried plaintiff a second time beginning on January 10, 2019 and the judgment entering his acquittal occurred on January 15, 2019. [100, ¶68-69]. Thus, Plaintiff's criminal proceedings did not terminate at the time that his conviction was vacated. The State was still able to pursue its charges against Plaintiff at the second criminal trial. It was not until after that trial that the underlying criminal proceedings against Plaintiff can be deemed to have terminated. Thus, Defendants have not successfully alleged as an affirmative defense that Plaintiff's malicious prosecution claim is barred by the statute of limitations under the Act.

The Court's analysis for Defendants' affirmative defense as it relates to Plaintiff's conspiracy claim is the same. *See Hobley v. Burge*, No. 3 C 3678, 2004 WL 1243929, at *8 (N.D. Ill. June 2, 2004) ("The timeliness analysis used to address the accrual of each of the constitutional violations that make up the conspiracy therefore also applies to the conspiracy based on those acts.") (citing *Castillo v. Zuniga*, 2002 WL 398519, at *10 (N.D. Ill. Mar. 14, 2002); *Newsome v. James*, 968 F. Supp. 1318, 1325 (N.D. Ill. 1997)); *Melongo v. Podlasek*, No. 13 C 4924, 2019 WL 1254913, at *51 (N.D. Ill. Mar. 19, 2019). Thus, Defendants also have not successfully alleged as an affirmative defense that Plaintiff's conspiracy claim is time-barred under the Act.

B. Intentional Infliction of Emotional Distress

Defendants' next affirmative defense alleges that Plaintiff's state law claim of IIED is barred because the statute of limitations under the Act accrued "one year after his conviction was vacated" [284-1, at 3]. Plaintiff again counters that the relevant date for purposes of accrual is after the second criminal trial.

3

While courts have consistently held that a claim for IIED accrues on the date of arrest, *Bridewell v. Eberle*, 730 F.3d 672, 678 (7th Cir. 2013); *Friends-Smiley*, 2016 WL 6092637, at *2 (collecting cases), in applying the continuing violation rule courts have also found that when a plaintiff's IIED claim incorporates the conduct underlying his malicious prosecution claim, the IIED claim does not accrue until the criminal proceedings against him are terminated. *Hobbs. v. Cappelluti*, 899 F. Supp. 2d 738, 762 (N.D. Ill. Sept. 28, 2012) (collecting cases). The Court finds that Plaintiff's allegations of IIED were not limited to Defendants' conduct at the time of Plaintiff's arrest, but rather incorporated the allegations which included Defendants' conduct through the time of his second trial. In accordance with the continuing violation doctrine, Plaintiff's IIED claim against Defendants was timely filed within one year after that trial. Meanwhile, Defendants' allegation that Plaintiff's IIED claim accrued after his conviction was vacated is unsupported by law. Thus, Defendants' affirmative defense that the statute of limitations would bar Plaintiff's IIED claim would not survive a motion to dismiss and is futile.

## CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion for leave to file amended affirmative defenses.

Date: June 1, 2021                             ENTER:

*Margaret J. Schneider*
United States Magistrate Judge

4