UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Patrick Pursley,<br><br>        Plaintiff,<br><br>    v.<br><br>City of Rockford et al.,<br><br>        Defendants. | Case No. 3:18-cv-50040<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Patrick Pursley brings this action under 42 U.S.C. § 1983 and Illinois state law, alleging that fabricated evidence led to his incarceration for a murder he says he didn't commit. Two motions for summary judgment were filed by Defendants: one from the City of Rockford and the Rockford Police Department detectives (the "Rockford defendants"), and another from the Illinois State Police lab analysts (the "ISP defendants"). The Court granted in part and denied in part the Rockford defendants' motion, and it granted the ISP defendants' motion. Pursley now moves for partial reconsideration of the decision to grant the ISP defendants' motion. For the following reasons, the Court denies Pursley's motion.

**I.    Legal Standard**

The Court analyzes Pursley's motion for reconsideration as a motion to alter or amend a judgment. Under Federal Rule of Civil Procedure 59(e), a motion to alter or amend a judgment requires "newly discovered evidence" or "evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*,

1

807 F.3d 239, 252-53 (7th Cir. 2015). A Rule 59(e) motion does not, however, "allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chi. Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)). "A 'manifest error' occurs when the district court commits a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Burritt*, 807 F.3d at 253 (quoting *Oto v. Metro. Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000)). A Rule 59(e) motion "is an extraordinary remedy that is granted sparingly." *Richmond v. Shalala*, No. 87 C 3495, 1995 U.S. Dist. LEXIS 11384, at *2 (N.D. Ill. Aug. 9, 1995), *aff'd sub nom. Richmond v. Chater*, 94 F.3d 263 (7th Cir. 1996).

## II. Analysis

Pursley asks the Court to reconsider its decision only on the issue of qualified immunity as it pertains to Defendant Daniel Gunnell, one of the ISP lab analysts. The Court granted summary judgment on this issue because Pursley responded only to the Rockford defendants' qualified immunity arguments and thus failed to meet his burden to show that Gunnell violated a clearly established right. *Pursley v. City of Rockford*, No. 18-cv-50040, 2024 U.S. Dist. LEXIS 42105, at *38-39 (N.D. Ill. Mar. 11, 2024). Pursley argues that the Court made a mistake because his response covered qualified immunity for all of the defendants, not just the Rockford defendants. Dkt. 395 at 3.

The Court relied on the following language in Pursley's response brief to determine which qualified immunity arguments Pursley sought to address:

2

> To be clear, Defendants make only one argument as to qualified immunity: that their conduct—under *their* contested version of the facts—does not amount to a constitutional violation. Defendants make no arguments about whether the rights at issue were clearly established by 1993, which they unquestionably were.

Dkt. 356 at 62. The Court agreed that the Rockford defendants argued only that there was no underlying constitutional violation. *See Pursley*, 2024 U.S. Dist. LEXIS 42105, at *32-33. But the ISP defendants' argument went further:

> To the extent that Pursley contends the ISP Defendants did not adequately document their findings or maintain sufficient records, it was not clearly established in 1993 (or at present) that a criminal defendant has a constitutional right to a certain standard of documentation by expert witnesses. . . . The ISP Defendants are unaware of any case holding that allegedly deficient paperwork or a failure to create a formal report constitutes any claim under the Constitution.

Dkt. 347 at 28. Pursley said there was no argument about whether rights were clearly established; the Rockford defendants didn't argue that the rights at issue weren't clearly established, but the ISP defendants did. It was appropriate to interpret Pursley's argument as answering only the Rockford defendants.

The next part of Pursley's motion for reconsideration—in which he presents arguments directly addressing the ISP defendants' qualified immunity arguments, Dkt. 395 at 5-6—only emphasizes how he could have properly responded to the ISP defendants. He offers no explanation why these responses could not have been included in his response brief at summary judgment. *Cf. Bordelon*, 233 F.3d at 529 (noting the lack of explanation for why a piece of evidence couldn't have been offered earlier). Not only could he have argued this at summary judgment, he should have—the ISP defendants' invocation of qualified immunity shifted the burden to

3

Pursley. *Estate of Davis v. Ortiz*, 987 F.3d 635, 638-39 (7th Cir. 2021).[1] It is now too late to offer arguments that could have and should have been made at summary judgment. *Bordelon*, 233 F.3d at 529. Pursley's motion for reconsideration is denied.

Date: April 8, 2024

                                                                                  Honorable Iain D. Johnston
United States District Judge

---

[1] And the Court would have welcomed it, even if it did begrudge the voluminous briefing at summary judgment.