IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| PATRICK PURSLEY, <br><br> *Plaintiff,* <br><br> v. <br><br> CITY OF ROCKFORD *et al.*, <br><br> *Defendants.* | No. 3:18-cv-50040 <br><br> HON. IAIN D. JOHNSTON |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Patrick Pursley brings this action under 42 U.S.C. § 1983 and Illinois state law, alleging that fabricated evidence led to his incarceration for a murder he says he didn't commit. Two motions for summary judgment were filed by Defendants: one from the City of Rockford and the Rockford Police Department detectives (the "Rockford defendants"), and another from the Illinois State Police lab analysts (the "ISP defendants"). The Court granted in part and denied in part the Rockford defendants' motion, and it granted the ISP defendants' motion.

The Court granted summary judgment on the claims against ISP lab analyst Daniel Gunnell because Pursley responded only to the Rockford defendants' qualified immunity arguments and thus failed to meet his burden to show that Gunnell violated a clearly established right. *Pursley v. City of Rockford*, No. 18-cv-50040, 2024 U.S. Dist. LEXIS 42105, at *38-39 (N.D. Ill. Mar. 11, 2024). Consequently, the Court dismissed Gunnell from the case. Pursley moved for reconsideration of the issue, which the Court denied. *Pursley v. City of Rockford*, No. 18-cv-50040, 2024 U.S. Dist. LEXIS

1

63747 (N.D. Ill. Apr. 8, 2024). Pursley now moves for a partial judgment under Federal Rule of Civil Procedure 54(b) so that he can immediately appeal Gunnell's dismissal.[1] For the following reasons, the Court denies Pursley's motion.

## ANALYSIS

Rule 54(b) permits a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). This language has been distilled into a two-step analysis: the court must determine (1) whether the order in question "was truly a final judgment" and (2) whether there is "no just reason to delay the appeal of the claim that was finally decided." *Peerless Network, Inc. v. MCI Commc'ns Servs., Inc.* 917 F.3d 538, 543 (7th Cir. 2019). District courts must independently determine whether an entry of judgment is appropriate, even if the parties agree to one. *Stamatakis Indus. v. Thompson*, 944 F.2d 382, 383 (7th Cir. 1991). "[E]ntry of judgment under Rule 54(b) should be the exception, not the rule . . . ." 10 James Wm. Moore et al., *Moore's Federal Practice – Civil* § 54.23[3] (3d ed. 2024); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980) ("Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely.").

The summary judgment order dismissed all the claims against Gunnell, so it is a final decision under Rule 54(b). *See Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 518 F.3d 459, 463-64 (7th Cir. 2008); Moore et al., *supra*, § 54.22. In

---

[1] Pursley characterizes this as a judgment "against" Gunnell, but that is inconsistent with the Court's grant of summary judgment on the claims against Gunnell. The Court instead construes Pursley's request as one for judgment in Gunnell's favor.

2

determining whether there is no just reason for delay, a court must consider both judicial administrative interests and the equities involved. *Curtiss-Wright*, 446 U.S. at 8; *see also Wec 98C-3 LLC v. Sfa Holdings Inc.*, __ F.4th __, No. 23-1489, 2024 U.S. App. LEXIS 9865, at *14-15 (7th Cir. Apr. 24, 2024). There isn't an exhaustive list of factors for the court to consider, and the district court is given "substantial deference" on this question.

Pursley presents two arguments for how an interlocutory appeal would serve judicial administrative interest. He first argues that this would promote judicial efficiency because there would be little overlap between an appeal on Gunnell's dismissal and any subsequent appeals, but he doesn't explain how that would *promote* efficiency—at best, cleanly splitting up what the Seventh Circuit reviews to avoid duplicate efforts results in a neutral effect.[2]

Pursley then argues that this would avoid the potential of having two trials because he would ask to stay this action while the interlocutory appeal is pending.[3] Pursley notes that he intends to appeal the Court's decision as it relates to Gunnell, but he doesn't say whether he intends to appeal the other dismissals in the summary judgment order. Appealing the other dismissals could, in the same way, result in a

---

[2] Both the ISP and Rockford defendants also note what they perceive to be an inconsistency in Pursley's argument—that although the facts are separate enough for him to appeal Gunnell's dismissal independently, the facts are intertwined enough to require a single trial. But as Pursley explains, he disagrees with Gunnell's dismissal because the Court found that he had failed to respond to the ISP defendants' qualified immunity argument. That issue has little to do with the underlying facts of the case.

[3] So, the Rule 54(b) motion is premised upon the belief that the Court would grant the anticipated stay motion. The boldness of assuming that the Court would grant a stay and that Pursley will also prevail on appeal is a little much to take.

3

new trial, which would remove any purported efficiency in waiting to try the remaining claims with the claims against Gunnell—while incurring unnecessary piecemeal appeals along the way. *See Curtiss-Wright*, 446 U.S. at 8 (noting the "historic federal policy against piecemeal appeals"). In fact, that potential for multiple appeals is a reason *not* to enter judgment for Gunnell at this time.

As for the parties' interests, Pursley focuses on what he characterizes as an "empty-chair problem." None of the defendants directly address Pursley's concern that the Rockford defendants could avoid liability by blaming everything on Gunnell.[4] The Rockford defendants' concern is that this would permit Pursley to introduce prejudicial evidence that might imply a conspiracy between the Rockford and ISP defendants. Neither side recognizes that the narrow scope of the remaining claims—the alleged fabrication of evidence regarding Marvin Windham's statement and testimony—addresses its concerns. The conspiracy claims have been dismissed, so Defendants have mechanisms at their disposal, such as the Federal Rules of Evidence, to ensure that improper evidence isn't admitted. And it would a stretch for Defendants to blame the Rockford defendants' conduct regarding Windham on Gunnell, whose role in the investigation was limited to the ballistics examination. Perhaps there would've been an empty-chair problem if some (but not all) of the Rockford defendants had been dismissed, but that's not the situation here.

An interlocutory appeal would also prolong this six-year-old case—certainly not the "speedy" resolution envisioned by the Federal Rules of Civil Procedure. Fed. R.

---

[4] The ISP defendants take this too literally, pointing out that even as a defendant, Gunnell's chair would be empty because Gunnell is deceased. "Empty chair" is a metaphor.

4

Civ. P. 1. Pursley naturally is willing to take the delay, but the Rockford defendants state that they do not want their involvement to continue longer than it needs to.

## CONCLUSION

Because of the potential for piecemeal appeals and unnecessary delay, Pursley's motion for partial judgment under Rule 54(b) is denied.

Date: June 4, 2024

HON. IAIN D. JOHNSTON
*United States District Judge*